**VICTOR EDWARDS, Plaintiff**

v.

**GOVERNMENT OF THE VIRGIN ISLANDS, Defendant**

Civil No. 1981/271

District Court of the Virgin Islands

Div. of St. Thomas and St. John

February 28, 1986

BRENDA HOLLAR, ESQ., St. Thomas, V.I., *for plaintiff*

VICTOR G. SCHNEIDER, ESQ., Assistant Attorney General (Department of Law), St. Thomas, V.I., *for defendant*

O'BRIEN, *Judge*

## MEMORANDUM OPINION AND ORDER

We are required here to determine the scope of an arbitration clause and whether it governs a labor grievance that arose after the contract term expired. We will compel arbitration.

## I. FACTS

Victor Edwards was laid off from his position as a machinist for the Government of the Virgin Islands during the 1976 fiscal crisis. His "pink slip" assured him that pursuant to 3 V.I.C. § 532[1] he

---

[1] 3 V.I.C. § 532 (Supp. 1984–85) provides:

*Dismissal without prejudice*

The name of any employee who has been employed within the Government of the Virgin Islands for a period of one year or more and dismissed without prejudice shall be placed on a reemployment list. If an employee of any department, board, commission, agency, authority or other instrumentality of

would be given first priority for any vacancy arising in his job classification. Edwards alleges that despite this guarantee, the Government bypassed him for a mechanical engineer opening in January 1977. He claims further that he was entitled to priority consideration for this job because it encompassed "approximately the same" duties required of a machinist but commanded a higher salary. In July 1981, Edwards sued the Government, seeking reinstatement to his job and back pay.

The Government has moved for summary judgment, contending that Edwards, a union member, was a party to a collective bargaining agreement which bound him to arbitrate this dispute.[2] Consequently, the government concludes that the suit must be dismissed.

The arbitration clause of the contract provided in part:

## ARTICLE XV—GRIEVANCE AND ARBITRATION PROCEDURE

A grievance shall extend only to the interpretation of application of this agreement, and not to changes in, or proposed changes in this agreement. The grievance procedure shall be invoked only by the individual unit employee or unit employees concerned pursuant to the procedure set forth below, or directly by the Union in the event that a broad policy matter is in issue, in which latter case, as appears below, no proposed changes in agreements or agency policy shall be arbitrable.

The contract also provided a mandatory timetable within which to initiate and appeal grievances aimed toward assuring a speedy resolution.

The agreement provided further:

---

the Government is dismissed without prejudice or due to lack of funds for payment of his salary, he shall be immediately eligible to fill any vacancy in the classified service for which he is qualified at the determination of the Director of Personnel and he shall be given first priority on any appropriate reemployment list. Any such employee who is reemployed within two years after dismissal shall retain all accrued sick leave and benefits.

[2] The Government also advanced several defenses on the merits of the dispute which, in view of our limited jurisdiction, will not be addressed here.

## ARTICLE XVIII—MUTUAL COOPERATION AND PREVAILING RIGHTS

All rights, privileges and benefits presently being enjoyed by employees in the bargaining unit which are not listed or itemized in this agreement shall remain in full force, unchanged and unaffected in any manner, during the term of this agreement, unless modified or revoked by mutual consent between the Employer and the Union.

## II. DISCUSSION

The District Court serves a limited role in labor disputes covered by a collective bargaining agreement that contains an arbitration clause. The sole issue before the Court in the first instance is whether a party or dispute falls within the arbitration provision. John Wiley & Sons v. Livingston, 376 U.S. 543, 547 (1963) quoting Atkinson v. Sinclair Refining Co., 370 U.S. 238, 241 (1962).

■■ The point of this determination is simple. "Arbitration is a matter of contract and a party cannot be required to submit to arbitration any dispute which he has not agreed so to submit." United Steelworkers of America v. Warrior & Gulf Navigation Co., 363 U.S. 574, 582 (1960). Similarly, courts are constrained to defer the merits of an arbitrable issue to non-judicial resolution. United Steelworkers of America v. American Manufacturing Co., 363 U.S. 364, 368 (1960); Warrior, supra at 582.

■ In many cases, the collective bargaining agreement clearly spells out what disputes are arbitrable. Where, as here, the scope of the clause is ambiguous the starting point of analysis is the strong presumption in favor of arbitration. Wiley, supra at 549; Warrior, supra at 582–83. And arbitration must be compelled "in the absence of any express provision excluding a particular grievance . . . or the most forceful evidence to exclude the claim from arbitration . . . ." Warrior, supra at 584–85.

Taken together, these rules advance the federal policy of "promot[ing] industrial stabilization through the collective bargaining agreement." Warrior, supra at 578. Arbitration is critical to this process because it provides "a vehicle by which meaning and content are given to the collective bargaining agreement." Id. at 581.

The scope of the arbitration clause at issue here is limited to "the interpretation of application of this agreement." The contract is devoid of any reference to the Government's re-hiring obligation imposed by 3 V.I.C. § 532. It goes on to recognize, however, the continued vitality of "all rights, privileges and benefits presently being enjoyed by employees in the bargaining unit which are not listed or itemized in this bargaining unit." Our focus, then, is narrowed to whether the latter provision incorporates an employee's § 532 rights into the contract.

■ The subsequent collective bargaining contract is instructive on the weight to be accorded § 532. That agreement specifically includes the statutory promise of priority re-hiring status and thus irrefutably subjects a grievance such as Edwards' to arbitration. This change indicates that the union and Government viewed § 532 as a basic condition of employment. In the very least, the inclusion establishes it as an important right of the bargaining unit members. It obviously does not constitute the type of evidence required by the Warrior Court to justify a finding that Edwards' claim is excluded from arbitration.

We are, moreover, bound to employ a presumption in favor of arbitrability and compel arbitration in the absence of strong evidence or contract language to the contrary. Warrior, supra at 584–85. We find, therefore, that arbitration was Edwards' exclusive remedy for the alleged violation of his § 532 rights.

■ This result is not altered by the fact that Edwards' grievance arose after the agreement expired. The presumption of the arbitrability of labor disputes applies equally where the discord arises after the agreement has terminated and the issue is the parties' continuing duty to arbitrate. Thus, "where the dispute is over a provision of the expired agreement, the presumption favoring arbitrability must be negated expressly or by clear implication." Nolde Bros., Inc. v. Local No. 358, Bakery & Confectionery Workers Union, AFL–CIO, 430 U.S. 243, 255 (1977).

We have already established that the issue of priority recall would have been subject to arbitration had it arisen during the contract's term. The contract, moreover, is silent on the parties' intent to arbitrate post-termination grievances and there is nothing to indicate that the obligations concerning recall or arbitration were intended to expire automatically. Under Nolde Bros., we must conclude that the Edwards' grievance remained subject to the arbitration clause despite the end of the contract term in 1976. The

result is the same if we accept the Government's contention that the contract extended through June 1978.

Finally, we must decide the disposition of Edwards' grievance. Clearly, our finding that the arbitration clause covers this claim necessitates dismissal of the lawsuit. The Government would have us hold that Edwards' failure to follow the contract's procedural time frame for grievances bars him from arbitration as well. We will not, however, penalize Edwards for seeking judicial relief.

 Our analysis demonstrates that arbitrability of this grievance was by no means a clear cut matter. Thus, pursuit of vindication vis-a-vis a lawsuit was not unreasonable. Moreover, it was Edwards' right to have the Court decide this threshold issue. Although the best means for obtaining a determination is to bring a motion to compel arbitration, the territory's code lacks such a procedural mechanism. And we note further that the applicable federal statute, 29 U.S.C. § 185, applies only to suits brought by labor organizations and not to their members individually. Thus, we cannot hold that Edwards was obligated to pursue this route or that he was bound by a nonexistent statute of limitations. Consequently, this grievance must be submitted to arbitration in accordance with the procedure outlined in the 1973–76 collective bargaining procedure.

## III. CONCLUSION

 Federal labor policy requires that disputes arising under a collective bargaining agreement be accorded a presumption of arbitrability. Absent a clear showing of an intent not to arbitrate, the Court must order the beneficiaries of a labor contract to submit their differences for nonjudicial resolution.

## ORDER

THIS MATTER is before the Court on the motion of the defendant Government of the Virgin Islands for summary judgment. The Court having filed its Memorandum Opinion of even date herewith, and the premises considered, now therefore it is

ORDERED, ADJUDGED AND DECREED:

THAT the complaint of the plaintiff be, and the same is hereby DISMISSED, and further

THAT the plaintiff's grievances be submitted to arbitration in accordance with the procedure detailed in the collective bargaining agreement in force from 1973–76.