**PEOPLE OF THE VIRGIN ISLANDS, Plaintiff**

**v.**

**ELBE BRATHWAITE, Defendant**

Criminal No. 479/2006

Superior Court of the Virgin Islands

Division of St. Thomas and St. John

February 5, 2007

BRENDA SCALES, ESQ., Assistant Attorney General, V.I. Department of Justice, St. Thomas, V.I., *Attorney for the People.*

SAMUEL L. JOSEPH, ESQ., Assistant Territorial Public Defender, Office of the Territorial Public Defender, St. Thomas, V.I., *Attorney for Defendant.*

KENDALL, *Judge*

## MEMORANDUM OPINION

(February 5, 2007)

### I. FACTUAL BACKGROUND

THIS MATTER came before the Court for Defendant's Advice of Rights and Arraignment on January 4, 2007. The People were represented by Assistant Attorney General Brenda Scales while Assistant Territorial Public Defender Samuel Joseph represented the Defendant,

who was present. Defendant was charged by Complaint with "Assault and Battery," in violation of Title 14 V.I.C. §§ 291 and 299(2), and "Disturbance of the Peace," in violation of Title 14 V.I.C. § 622(1). During the Hearing, Counsel for the People represented that the Attorney General had already determined that probable cause existed to arrest Defendant based upon the Complaint and Summons. Counsel contended that it was therefore unnecessary for this Court to engage in an independent probable cause finding before advising the Defendant of her rights.

Counsel for the People made the identical argument recently, in *People of the Virgin Islands v. Raymond Monsanto,* Criminal No. 444/2006. In that case, this Court advised Counsel that when an arrest is made based on a Complaint, the Court must make an independent finding of probable cause, and that the Attorney General's determination of probable cause was improper. Over Counsel's strenuous objection and because the People were unprepared to go forward with the Probable Cause Hearing, the matter was continued to the following day. The Court directed Counsel's attention to SUPER. CT. R. 123(b)(1) regarding its obligation to determine whether there was probable cause for the charges against the Defendant by reading the Rule to her in open court. Yet, just a few weeks later, Counsel for the People have returned to make the same argument before this Court. Counsel contended that it was not only unnecessary, but inappropriate for this Court to engage in an independent probable cause inquiry once the Attorney General has determined that probable cause existed. Counsel's insistence in defying the Court in its attempt to perform its sworn duty to uphold the law, including the rules of this Court, is deeply disturbing.

## II. ANALYSIS

(a)  *Apposite Law*

■ Pursuant to Title 5 V.I.C. § 3814, one accused of a crime may be arrested without a warrant. When an arrest is made without a warrant, a complaint must be filed prior to the Initial Appearance. SUPER. CT. R. 123(b). Subsection (b)(1) further provides that:

> The court shall examine the complaint, arresting officer, and/or any other witnesses to the crime under oath at the Initial Appearance Hearing. The defendant may cross-examine witnesses against him.

> If from the evidence it appears that there is probable cause to believe that an offense has been committed and that the defendant committed it, the judge shall forthwith hold the defendant to answer the complaint.

Furthermore, Rule 123(b)(2) states:

> If the **judge** determines at the Initial Appearance hearing that there is no probable cause to believe that an offense has been committed or that the accused committed it, the court shall dismiss the proceeding, discharge the accused, and exonerate any bail posted." (emphasis added)

It is clear from the plain language of the foregoing Rule that when an arrest is made based upon a complaint, a hearing must be held to determine whether probable cause exists. It is at this hearing that the Judge examines the complaint and the witnesses, and where the defendant also has the opportunity to cross-examine the witness or witnesses against him. It is also clear that it is the Judge, not the Attorney General, who must make the probable cause determination. To suggest otherwise is a clear violation of the Rules of this Court and basic notions of Due Process.

### (b) *Arrest Warrant vs. Complaint*

The People's contention appears to confuse an arrest warrant and a complaint. An arrest warrant is issued when a neutral judge or magistrate is presented with information, in either an affidavit or complaint, and determines from this information that there is probable cause to believe that an offense has been committed and that the defendant has committed it. The Fourth Amendment of the United States Constitution[1] requires that "the judicial officer issuing ... a warrant be supplied with sufficient information to support an independent judgment that probable cause exists for the warrant." *Whiteley v. Warden, Wyoming State Penitentiary*, 401 U.S. 560, 564, 91 S. Ct. 1031, 1035, 28 L. Ed. 2d 306 (1971). The complaint, on the other hand, is a written statement, made under oath, of the essential facts constituting the offense charged. SUPER. CT. R. 121.

---

[1] Applicable to the Virgin Islands pursuant to Section 3 of the Revised Organic Act of 1954, as amended.

Unlike an arrest warrant, there is no neutral judge or magistrate to determine whether probable cause exists when the complaint issues.

The accused has the right "not to be held in the absence of a finding by the Commissioner of probable cause that he has committed an offense." *Giordenello v. United States*, 357 U.S. 480, 484, 78 S. Ct. 1245, 1249, 2 L. Ed. 2d 1503 (1958). The judicial officer must judge for himself the persuasiveness of the complaint to show probable cause. "He should not accept without question the complainant's mere conclusion that the person whose arrest is sought has committed a crime." *Id.* at 486. In *Jaben v. United States,* the Supreme Court rejected the Government's argument that the Commissioner's function would be merely to rubberstamp the complaint. 381 U.S. 214, 218, 85 S. Ct. 1365, 1368, 14 L. Ed. 2d 345, 1965-2 C.B. 446 (1965). A judicial officer must look at the facts alleged in the complaint and "make a neutral judgment that resort to further criminal process is justified." *Id.* at 224. The Court stressed that this requirement had nothing to do with the credibility of the affiant. "There is a difference between disbelieving the affiant and requiring him to indicate some basis for his allegations." *Id.* The complaint requirement "simply requires that enough information be presented to the Commissioner to enable him to make the judgment that the charges are not capricious and are sufficiently supported to justify bringing into play the further steps of the criminal process." *Id.* at 224-25.

Even in cases where an arrest warrant was obtained, Courts have invalidated the arrest when the basis for the warrant was insufficient to find probable cause. In *Giordenello,* the Supreme Court found that the complaint on which the warrant was based did not provide any basis for the Commissioner's determination that probable cause existed. 357 U.S. at 486. In *Whiteley,* the sole support for the arrest warrant was the complaint, which was nothing more than the complainant's conclusion that the individuals named perpetrated the offense described in the complaint. 401 U.S. at 565. The Court held that the complaint clearly could not support a finding of probable cause by the issuing magistrate. *Id.* at 568.

(c)  *Practice of Other Judges*

Counsel for the People contends that other judges of this Court have dispensed with the judicial finding of probable cause based upon the filing of a Complaint and Summons. Even assuming, *arguendo,* that this

practice has in fact been permitted, it is in clear violation of the Rules of this Court and the Constitutional guarantee that an accused will not be subjected to criminal prosecution absent a finding of probable cause. Moreover, this judge is not bound by the decisions of other judges or other Trial Courts where, as here, those decisions are clearly erroneous. In *Crown Builders, Inc. v. Stowe Engineering Corp.,* the Court noted that "[w]hile the decision of another Judge of this Court is entitled to and given great respect, it is not binding on other judges of the Court." 8 F. Supp. 2d 483, 484 n.1, 39 V.I. 249 (D.V.I. 1998).

It is the Court's province to find probable cause. The Attorney General has no authority to make this determination. To persist in contending that it is not only unnecessary but inappropriate for the Court to engage in an independent probable cause inquiry once the Attorney General has found probable cause is not only improper and impertinent, but disruptive of the Court's operations and the orderly administration of justice.

## III. CONCLUSION

For the foregoing reasons, it is hereby

ORDERED, that effective immediately, where a prosecution is initiated by Complaint, the People shall comply with the pertinent rules of the Court when appearing before the undersigned, failing which appropriate sanctions will be imposed, and it is further

ORDERED, that copies of this Order shall be directed to Assistant Attorneys General Brenda Scales and Samantha Mathurin, Acting Attorney General Elliot McIver Davis, and Assistant Territorial Public Defender Samuel Joseph.