**IN RE PEOPLE OF THE VIRGIN ISLANDS, Petitioner, concerning HON. LEON A. KENDALL, JUDGE OF THE SUPERIOR COURT OF THE VIRGIN ISLANDS, Nominal Respondent, and ELBE BRATHWAITE, Respondent**

S. Ct. Civ. App. No. 2007/012

Supreme Court of the Virgin Islands

July 6, 2007

BRENDA C. SCALES, ESQ., USVI Department of Justice, St. Thomas, USVI, *Attorney for Petitioner.*

ROBERT L. KING, ESQ., Law Offices of Robert L. King, St. Thomas, USVI, *Attorney for Nominal Respondent Leon A. Kendall, Judge.*

HODGE, *Chief Justice*; CABRET, *Associate Justice*; and SWAN, *Associate Justice.*

## MEMORANDUM OPINION

### (July 6, 2007)

The Government of the Virgin Islands petitions for relief, including mandamus, enjoining the trial court from holding probable cause hearings for defendants summoned to court for an initial appearance in complaint-initiated criminal prosecutions.[1] The Government argues that the filing of a complaint "dispenses with the need for a judicial probable cause examination." (Mot. for Stay and Pet. for Expedited Writ of Mandamus 2.) The Government asks the Court to direct the trial court to vacate its order requiring the hearings in complaint-initiated prosecutions and to prevent the trial court from sanctioning government attorneys who continue to object to its practice of conducting probable cause examinations in such cases. For reasons which follow, the Government's Petition will be denied.

## I. STATEMENT OF FACTS AND PROCEDURAL HISTORY

In the underlying criminal action, the Government charged Elbe Brathwaite ("Brathwaite"), by complaint, with one count each of misdemeanor assault and battery and disturbing the peace. Brathwaite was served with a summons requiring her to appear in court for an initial appearance. Brathwaite appeared as summoned, represented by counsel, and the court announced that it was going to conduct a probable cause examination.[2] The Government objected, explaining that it had not

---

[1]    The Government characterizes the issue in several different ways. In its Statement of the Issues Presented, the Government phrases the issue as whether "a defendant who is summoned to court for an initial appearance in a criminal matter based on a Complaint-initiated prosecution is constitutionally entitled to a probable cause hearing." (Pet. For Writ of Mandamus 2.) However, in the body of its brief, the Government asserts that the issue is "whether the Trial Court's interpretation of SUPER. CT. R. 123 is erroneous." (Pet. For Writ of Mandamus 4.) As is explained below, these are two distinctly different issues.

[2]    The trial judge actually called the case for "advice of rights and arraignment," (Tr. 2, 5, Jan. 4, 2007.) but later colloquy shows that both the judge and the prosecutor understood this

arranged for the complaining witness to be present and arguing that the hearing was unwarranted because a finding of probable cause had already been made in issuing the complaint. The court overruled the objection on the ground that Superior Court Rule 123(b)(1) required the probable cause examination. And, because the court had rejected the same objection by the same prosecutor in a different case in the recent past, the trial judge admonished the prosecutor that it found her behavior, "totally contemptuous." (Tr. 3, Jan. 4, 2007.) The trial judge further threatened to hold Government counsel in contempt if the situation continued in the future. In a written opinion, the court reiterated: "[t]o persist in contending that it is not only unnecessary but inappropriate for the Court to engage in an independent probable cause inquiry once the Attorney General has found probable cause is not only improper and impertinent, but disruptive of the Court's operations and the orderly administration of justice." *People v. Brathwaite*, 48 V.I. 207, 211 (V.I. Super. Ct. 2007). The court ordered the Government to comply with the court's interpretation of the rules, "failing which appropriate sanctions will be imposed . . . ." *Id.*

## II. DISCUSSION

### A. The Nominal Respondent's Motion for Disqualification.

We first address a motion by the nominal respondent to disqualify the three Justices of this Court on the ground that each had previously sat as a judge on the trial court and ruled on the issue of whether Rule 123(b)(1) of the Superior Court Rules required a trial court to conduct a probable cause inquiry at the initial appearance. The nominal respondent asserts that this created an "irreconcilable conflict . . . necessitating that [they] defer to the rule making function of the Superior Court." (Resp. Br. 11-12.) In making this assertion, the nominal respondent cited generally to V.I. CODE ANN. tit. 4, § 284, but did not explain how or why the statute required recusal in this case. Moreover, at oral argument, the nominal respondent conceded that he could cite to no authority which required recusal.

Even assuming, arguendo, that the Justices on this panel were confronted with the issue while sitting as trial court judges, we are unaware of any authority, and the nominal respondent has cited none,

---

to mean that the court would be conducting a probable cause hearing. (Tr. 6-9, Jan. 4, 2007.)

which requires an appellate court judge or justice to be disqualified because of a previous ruling on an identical issue in a totally unrelated case. *See Figueroa v. Hess Oil Virgin Islands Corp.*, 198 F. Supp. 2d 632, 634 n* (D.V.I. 2002) (court denied motion for recusal which was based on appellate judge having ruled on identical issues while sitting as trial court judge in prior unrelated litigation). Indeed, it is clear that recusal is not warranted based on prior rulings of a judge in the same or prior litigation unless they reveal "'a deep-seated favoritism or antagonism that would make fair judgment impossible.' *Liteky v. U.S.*, 510 U.S. 540, 555, 114 S. Ct. 1147, 1157, 127 L. Ed. 2d 474 (1994)." *U.S. v. Wecht*, 484 F.3d 194, 217 (3d Cir. 2007). *See In re Corrugated Container Antitrust Lit.*, 614 F.2d 958, 964 (5th Cir. 1980) (citing overwhelming authority that judge should not be disqualified based on prior rulings in same case). Because no such favoritism or antagonism has been shown here, we can discern no reason why recusal would be appropriate. *See id.* Moreover, in light of the fact that numerous appellate court judges and justices once served on a trial court bench, if recusal were required under the circumstances urged here, many appeals would be left undecided for lack of a disinterested appellate jurist to consider the issues. For these reasons, and considering the nominal respondent's conceded lack of legal authority, the motion will be denied.

## B. Jurisdiction and Standard for Issuing Mandamus.

██ Turning to the merits of the Government's petition, we must decide whether mandamus should issue. As a threshold matter, this Court has jurisdiction to issue writs of mandamus pursuant to V.I. CODE ANN. tit. 4, § 32(b). Mandamus is an extraordinary remedy that may be used to compel a lower court to lawfully exercise its prescribed jurisdiction. *In re Patenaude*, 210 F.3d 135, 141 (3d Cir. 2000). To obtain the writ, a petitioner must demonstrate that two conditions exist. *In re Briscoe*, 448 F.3d 201, 212 (3d Cir. 2001); *In re Patenaude*, 210 F.3d at 141. First, a petitioner must establish that it has no other adequate means to attain the desired relief. *In re Briscoe*, 448 F.3d at 212; *In re Patenaude*, 210 F.3d at 141. "Where there are practical avenues for seeking relief that are untried, this Court will ordinarily deny a petition for mandamus." *Id.* Second, a petitioner must show that its right to the writ is clear and indisputable. *In re Briscoe*, 448 F.3d at 212; *In re Patenaude*, 210 F.3d at 141. A clear and indisputable right to the writ exists where the petitioner

demonstrates that the lower court committed a clear error of law or clearly abused its discretion. *Id.* However, even where a petitioner technically satisfies its burden of demonstrating the existence of these two prerequisites, "[t]he availability of the writ does not compel its exercise." *In re Patenaude*, 210 F.3d at 141 (internal quotation marks and citation omitted). "'[T]he reviewing court in its discretion must conclude that the writ is appropriate under the circumstances.' *Cheney v. U.S. Dist. Court for Dist. of Columbia*, 542 U.S. 367, 380-81, 124 S. Ct. 2576, 159 L. Ed. 2d 459 (2004)." *In re Briscoe*, 448 F.3d at 212. *See In re Patenaude*, 210 F.3d at 141; *In re Chambers Dev.*, 148 F.3d 214, 223 (3d Cir. 1998).

## C. Whether Mandamus is Proper in This Case.

In our case, we must determine whether the Government has met its burden for mandamus concerning: (1) its assertion that the trial court should be enjoined from requiring probable cause hearings in complaint-initiated prosecutions; and (2) its assertion that we should compel the trial court to vacate its threat of sanctions.

### 1. Probable Cause Inquiries under the Superior Court Rules and Fourth Amendment.

Criminal preliminary proceedings in the Virgin Islands courts are governed by Rules 121 through 123 of the Rules of the Superior Court. Rule 121 defines the complaint as a written statement, made under oath, of the essential facts constituting the offense charged. SUPER. CT. R. 121 (a). The complaint serves as the basis for issuing a warrant or summons. "If it appears from the complaint that there is probable cause to believe that an offense has been committed and that the defendant committed it a warrant for the arrest of the defendant shall issue . . . . A summons instead of a warrant may issue if the person taking the complaint has reason to believe that the defendant will appear in response thereto . . . ." SUPER. CT. R. 122 (a) (emphasis added). Like a warrant, the summons must be signed by a judge or attested in the judge's name and signed by the person empowered by law to take complaints. SUPER. CT. R. 122 (b) (1), (2). When an accused is brought before the court without a warrant or summons, the Government must prepare a sworn complaint prior to the initial appearance. SUPER. CT. R. 123 (a) (5), (b).

The initial appearance proceedings are governed by Rule 123 (b), which provides in relevant part: "[w]hen an arrest is made, whether with

or without a warrant, the arrested person shall be brought, without unnecessary delay, to the next scheduled Initial Appearance Hearing." Rule 123 enumerates four matters that must be addressed at the hearing: (1) probable cause finding; (2) advice of rights; (3) preliminary bail; and (4) scheduling arraignment. The probable cause finding is at the heart of this action and the pertinent rule requires:

> The court *shall examine* the complaint, arresting officer, *and/or* any other witnesses to the crime under oath *at the Initial Appearance Hearing*. The defendant may cross-examine witnesses against him. If from the evidence it appears that there is probable cause to believe that an offense has been committed and that the defendant committed it, the judge shall forthwith hold the defendant to answer the complaint. The finding of probable cause may be based upon hearsay evidence in whole or in part.

SUPER. CT. R. 123 (b) (1) (emphasis added). If probable cause is not found following the hearing, the Rules direct the court to dismiss the charge. SUPER. CT. R. 123 (b) (2). Alternatively, if the trial court determines during the examination that the complaint is insufficient for failure to properly name or describe the defendant or the charged offense, but there is reason to believe the accused committed an offense, the judge may order a new complaint to be issued. SUPER. CT. R. 122 (d) (2). This alternative is available notwithstanding whether the accused appears in response to a summons. *Id.*

The salient question is whether, under the Rules, the complaint and summons dispense with the need for the probable cause finding by the court at the initial appearance, and if not, whether the examination procedure set forth in Superior Court Rule 123 (b)(1) is required.[3] The United States Supreme Court addressed an almost identical issue in *Gerstein v. Pugh*, 420 U.S. 103, 95 S. Ct. 854, 43 L. Ed. 2d 54 (1975),

---

[3] The Government has not raised any questions concerning whether the pretrial restraints on the liberties of the accused, such as confinement or pretrial release conditions imposed by the court, are significant enough to warrant a probable cause hearing. *See Gerstein*, 420 U.S. at 125 n.26, 95 S. Ct. at 869 n.26 ("Because the probable cause determination is not a constitutional prerequisite to the charging decision, it is required only for those suspects who suffer restraints on liberty other than the condition that they appear for trial. There are many kinds of pretrial release and many degrees of conditional liberty . . . . We cannot define specifically those that would require a prior probable cause determination, but the key factor is significant restraint on liberty.").

where it considered whether a person arrested and held for trial on an information is entitled to a judicial determination of probable cause for detention, and if so, whether an adversary hearing is required by the Constitution. The issue in *Gerstein* arose because, notwithstanding a Florida rule of criminal procedure that seemingly authorized adversary preliminary hearings to test probable cause for detention in all cases, the courts there had held that the filing of an information foreclosed the accused's right to a probable cause hearing. *Gerstein*, 420 U.S. at 105-106, 95 S. Ct. at 859 (citing FLA. RULE CRIM. PROC. 1.122 (before the amendment in 1972)).

In *Gerstein,* the government defended the Florida procedure, arguing that the prosecutor's decision to file an information is itself a determination of probable cause that furnishes sufficient reason to detain a defendant pending trial. The Court rejected this argument, finding that "[a]lthough a conscientious decision that the evidence warrants prosecution affords a measure of protection against unfounded detention, we do not think prosecutorial judgment standing alone meets the requirements of the Fourth Amendment." *Gerstein*, 420 U.S. at 118, 95 S. Ct. at 864. The Court reasoned:

> A democratic society, in which respect for the dignity of all men is central, naturally guards against the misuse of the law enforcement process. Zeal in tracking down crime is not in itself an assurance of soberness of judgment. Disinterestedness in law enforcement does not alone prevent disregard of cherished liberties. Experience has there-fore counseled that safeguards must be provided against the dangers of the overzealous as well as the despotic. The awful instruments of the criminal law cannot be entrusted to a single functionary. The compli-cated process of criminal justice is therefore divided into different parts, responsibility for which is separately vested in the various par-ticipants upon whom the criminal law relies for its vindication. *McNabb v. United States*, 318 U.S. 332, 343, 63 S. Ct. 608, 614, 87 L. Ed. 819 (1943).

*Gerstein*, 420 U.S. at 118, 95 S. Ct. at 865. Thus, the Court concluded that the accused is entitled to, and the Fourth Amendment requires, a *finding* of probable cause by a detached and neutral judicial officer. *Gerstein*, 420 U.S. at 114, 119, 95 S. Ct. at 863, 865.

■ The requirement for a probable cause finding, however, does not mean that the Fourth Amendment requires an adversary proceeding to determine whether probable cause exists. On the contrary, the Supreme Court has recognized that

> the use of an informal procedure is justified not only by the lesser consequences of a probable cause determination but also by the nature of the determination itself. It does not require the fine resolution of conflicting evidence that a reasonable-doubt or even a preponderance standard demands, and credibility determinations are seldom crucial in deciding whether the evidence supports a reasonable belief in guilt. This is not to say that confrontation and cross-examination might not enhance the reliability of probable cause determinations in some cases. In most cases, however, their value would be too slight to justify holding, *as a matter of constitutional principle*, that these formalities and safeguards designed for trial must also be employed in making the Fourth Amendment determinations of probable cause.

*Gerstein*, 420 U.S. at 121-122, 95 S. Ct. at 867 (emphasis added, footnotes and internal citation omitted). For these reasons, the Court in *Gerstein* explicitly rejected the view that the probable cause determination must be made under an adversary process. *Gerstein*, 420 U.S. at 122-123, 95 S. Ct. at 867.

■■ Notwithstanding that the Fourth Amendment does not compel a probable cause adversary hearing, we must still determine whether Superior Court Rule 123 (b) (1) requires an adversary hearing in all instances, and if not, whether the trial court may nonetheless order such a hearing. Again, the rule states: [t]he court *shall examine* the complaint, arresting officer, *and/or* any other witnesses to the crime under oath *at the Initial Appearance Hearing*. The defendant may cross-examine witnesses against him . . . . The finding of probable cause may be based upon hearsay evidence in whole or in part. SUPER. CT. R. 123 (b) (1) (emphasis added). We believe the pertinent language is plain and unambiguous, thereby dispensing with a resort to the canons of construction. *See U.S. v. Jones,* 471 F.3d 478, 480 (3d Cir. 2006) ("If the language of a statute is clear the text of the statute is the end of the matter. If the language is unclear, we attempt to discern Congress' intent using the canons of statutory construction.") (internal quotation marks and citations omitted). It requires a probable cause finding at the initial appearance hearing, but

permits the trial court broad flexibility in selecting the types of evidence used to make that finding.

■ ■ And, contrary to the arguments of the Government, it is inconsequential that the prosecution was initiated by a complaint and summons. Superior Court Rule 123 (b) (1) plainly does not limit initial appearance probable cause determinations to defendants arrested without a warrant. Instead, the Rule requires a probable cause determination for all defendants brought before the court for an initial appearance. Likewise, Superior Court Rule 122 (d) (2),[4] which provides a remedy for a defective complaint, unambiguously contemplates that the court will conduct a probable cause inquiry at the initial appearance, even when the prosecution is initiated by a complaint and summons.

■ As for the types of evidence a court can consider in making a probable cause finding, the rule lists three sources: (1) the complaint; (2) the arresting officer; and (3) any other witnesses to the crime.[5] *Id.* By using both the conjunctive "and" and disjunctive "or", the language allows the judge to use only one of the listed sources of evidence, some of the sources, or all of the sources. *See generally* 73 AM. JUR. 2D *Statutes* § 156 (2007) (explaining general meaning of "and" and "or" in statutes). Likewise, by permitting the court to base its probable cause determination in whole or in part on hearsay evidence, the rule vests the judge with broad discretion to consider numerous sources of evidence that would otherwise be inadmissible. *See* 5 V.I.C. § 932 (providing that hearsay is generally inadmissible).

■ We recognize that the latitude given to trial courts in making probable cause determinations may occasionally inconvenience prosecutors or witnesses who may be unprepared for an examination. But these inconveniences do not outweigh the constitutional right of an

---

[4] Superior Court Rule 122 (d) (2) provides: "If during the preliminary examination of any person arrested under a warrant or appearing in response to a summons, it appears that the warrant or summons does not properly name or describe the defendant, or offense with which he is charged, or that although not guilty of the offense specified in the warrant or summons there is reasonable ground to believe that he is guilty of some other offense, the judge shall not discharge or dismiss the defendant but shall forthwith cause a new complaint to be filed and thereupon issue a new warrant or summons."

[5] Because the issue has not been raised, we will not decide whether the types of evidence listed in the rule is exhaustive or whether the trial court may consider types of evidence not listed.

accused to a fair and reliable determination of probable cause. The flexibility inherent in Rule 123 allows trial courts to adequately deal with an almost endless array of circumstances that may be present at the initial appearance, such as those in which probable cause is plainly evident from the complaint, and others in which the accused can readily satisfy the judge that he or she is not the person named in the complaint. *See Williams v. Ward*, 845 F.2d 374, 393-394 (2d Cir. 1988) (Stewart, J., dissenting) (addressing notes to the 1973 Tentative Draft of the American Law Institute's Model Code of Pre-Arraignment Procedure that discuss the need for flexibility in the probable cause inquiry). Thus, "[t]here is no single preferred pretrial procedure" and flexibility in shaping such procedures is desirable as long as the procedure used provides a "fair and reliable determination of probable cause as a condition for any significant pretrial restraint of liberty." *Gerstein*, 420 U.S. at 124, 95 S. Ct. at 868.

For these reasons, the initial appearance practices of the nominal respondent are not a violation of the pertinent Superior Court Rules. Rather, given the latitude permitted by the rules, the nominal respondent has clearly erred only in concluding that his manner of conducting probable cause determinations is the sole correct procedure.[6] It is clear that, depending on the circumstances, a particular judge may require the full panoply of evidence addressed in Rule 123, but another judge may determine probable cause at the initial hearing based upon the complaint and summons alone. Due process "'is flexible and calls for such procedural protection as the particular situation demands.'" *U.S. v. Delker*, 757 F.2d 1390, 1397 (3d Cir. 1985) (quoting *Morrissey v. Brewer*, 408 U.S. 471, 482, 92 S. Ct. 2593, 2600, 33 L. Ed. 2d 484 (1972)). The same may be said of Superior Court Rule 123.

Under these circumstances, the Government has not met its burden of showing that it is clearly and undisputedly entitled to a writ of mandamus enjoining the trial court judge from holding adversary probable cause hearings under Rule 123 in complaint-initiated prosecutions. Accordingly, the Government's petition for a writ of mandamus to enjoin such action will be denied.

---

[6] In his opinion below, the trial court judge ruled that the practices of other judges in finding probable cause based solely on a complaint and summons violate the Superior Court Rules and the Constitution and are, therefore. "clearly erroneous." *Brathwaite*, 48 V.I. 207, 211.

## 2. The Trial Court's Threat of Sanctions

We turn next to the question of whether the Government is entitled to issuance of a writ of mandamus based on the trial judge's threat of contempt sanctions if Government prosecutors continue to object to the trial court's practice of conducting adversary probable cause hearings. Because the Government has not shown that it has no other adequate means to obtain the relief and has also failed to show that it is clearly and indisputably entitled to the writ as it concerns the threat of sanctions, the petition will be denied.

█ As for the first requirement—that the Government has no other adequate means for relief—the law concerning contempt sanctions is clear. The Government can "attain relief," if and when the situation arises, by standing in contempt. *See In re Flat Glass Antitrust Lit.*, 288 F.3d 83, 91 (3d Cir. 2002) (court refused to treat appeal as petition for mandamus and issue writ because appellant could stand in contempt and appeal that ruling) (internal quotation marks and citation omitted). Here, the Government is complaining about the mere threat of future contempt sanctions. but has not pointed to any finding by the trial court of actual, punishable contempt, much less a final ruling imposing sanctions. Accordingly, should the Government desire relief, it must await the opportunity, stand in contempt, and appeal from the court's ruling. *See id.*; *Wecht*, 484 F.3d at 219 (scheduling of a contempt hearing was not immediately appealable, but counsel could appeal any adverse future contempt rulings); 15B CHARLES ALAN WRIGHT & ARTHUR R. MILLER & EDWARD H. COOPER, FEDERAL PRACTICE AND PROCEDURE § 3917 (2d ed. 2007) (discussing the finality requirement for appealing contempt rulings and recognizing that orders to show cause are not appealable).

In addition, the Government has not shown that it is clearly and indisputably entitled to the writ. *See In re Briscoe*, 448 F.3d at 212, (stating burden that petitioner show clear and undisputed right to relief); *In re Patenaude*, 210 F.3d at 141 (stating burden that petitioner show clear and undisputed right to relief); *In re Chambers Dev.*, 148 F.3d at 223. The Government's case for mandamus rests upon its assertion that the trial judge erred in expanding the scope of the probable cause inquiry under Superior Court Rule 123 (b) and overruling the prosecutor's objections to this practice. We have already determined, however, that the trial court is authorized to conduct probable cause inquiries under this rule, and it

would be inappropriate to anticipate whether the Government's future conduct in other cases will invoke a contempt order from the court or what the particulars of that order might look like. Accordingly, the circumstances lack sufficient clarity for the Court to render any truly meaningful opinion on the merits and would require us to speculate about the myriad ways in which the trial court might act upon its threat. This, we will not do.

## III. CONCLUSION

For the foregoing reasons, the Government's Petition for Mandamus will be denied. The Government has not shown that it is clearly and undisputedly entitled to the writ. The Superior Court Rules plainly grant discretion to a trial judge to limit or expand the scope of probable cause inquiries. In addition, the Government's request for mandamus concerning the trial court's threat of contempt sanctions will be denied. The Government, by standing in contempt, has an adequate means to obtain relief and, in any event, it has not shown that it is clearly and indisputably entitled to the writ. Finally, we find no basis for granting the trial judge's motion to disqualify the Justices from considering this Petition simply because they may have considered a similar issue while previously sitting as judges on the trial court.