## IN RE: PEOPLE OF THE VIRGIN ISLANDS, Petitioner

S. Ct. Civ. No. 2011-0056

Supreme Court of the Virgin Islands

September 27, 2011

JULIE ANN MEADE, ESQ., Assistant Attorney General, St. Thomas, USVI, *Attorney for Petitioner*.

VERNE A. HODGE, JR., ESQ., Assistant General Counsel, Superior Court of the Virgin Islands, St. Thomas, USVI, *Attorney for Nominal Respondent*.

MICHAEL C. QUINN, ESQ., Dudley, Topper and Feuerzeig, LLP, St. Thomas, USVI, *Attorney for Respondent Jahlil J. Ward*.

HODGE, *Chief Justice*; CABRET, *Associate Justice*; and SWAN, *Associate Justice*.

## OPINION OF THE COURT

(September 27, 2011)

PER CURIAM. **THIS MATTER** is before the Court on a petition filed with this Court by the People of the Virgin Islands on July 26, 2011, as well as the August 16, 2011 answer filed by the Nominal Respondent, a sitting judge of the Superior Court of the Virgin Islands, and an August 17, 2011 opposition filed by Jahlil J. Ward, the defendant in the underlying Superior Court matter. In its petition, the People request that this Court either issue a writ of mandamus or exercise its inherent supervisory authority over the Superior Court to compel the Nominal Respondent to recuse herself from the underlying criminal matter. For the reasons that follow, this Court denies the People's petition.

## I. FACTUAL AND PROCEDURAL BACKGROUND

The underlying Superior Court action concerns criminal charges the People initially filed against Ward on June 30, 2008, which relate to the death of James Patrick Cockayne on June 19, 2007 on St. John. Ward's jury trial began on October 6, 2008, and the jury ultimately found Ward guilty of first degree murder, third degree assault, and using a dangerous weapon during a third degree assault. However, the Nominal Respondent, in an August 6, 2009 Opinion and Order, granted Ward's post-verdict motion for a new trial on the grounds that the People had withheld material information from the defense in violation of the rule announced in *Brady v. Maryland*, 373 U.S. 83, 83 S. Ct. 1194, 10 L. Ed. 2d 215 (1973).

Ward's second trial began on December 14, 2009, and on December 18, 2009 the jury acquitted Ward of first degree murder, but found him guilty of second degree murder, third degree assault, and use of a dangerous weapon during a third degree assault. On January 5, 2010, Ward filed a motion for a new trial based, in part, on a claim that the second jury's verdict was contrary to the weight of the evidence. The Nominal Respondent, in a July 23, 2010 Opinion and Order, found that the evidence against Ward was "paper thin" and that allowing the verdict to stand would result in a miscarriage of justice because there was no direct evidence linking Ward to the charged offenses. In support of her holding, the Nominal Respondent characterized the evidence introduced against Ward at his second trial as "uncorroborated, ambiguous, and post-offense purported confessions," which had been introduced through the testimony of four prosecution witnesses, all of whom she found not to be credible. Moreover, the Nominal Respondent characterized Ward's actions as "totally inconsistent with that of a guilty person."

On July 30, 2010, the People filed a motion to disqualify the Nominal Respondent from presiding over Ward's third trial based on the contents of the July 23, 2010 Opinion, particularly her characterization of the People's case as "paper thin," her finding that the People's witnesses were not credible, and her observation that Ward's actions were inconsistent with guilt. In a February 18, 2011 Order, the Nominal Respondent denied the People's motion for recusal. On February 23, 2011, the People filed a motion for reconsideration of the February 18, 2011 Order. While that motion was pending, the People also filed a March 30, 2011 motion

requesting the Nominal Respondent to set a firm date for Ward's third trial, and that the trial occur between April and June 2011. In an April 11, 2011 Order, the Nominal Respondent partially granted the motion for reconsideration — which had also sought unrelated relief relating to a prior bail decision — but still refused to recuse herself on the grounds that the People's request for a trial date between April to June rendered the request for her recusal moot, presumably because a new judge would be unable to prepare for a trial held during that period.

On May 26, 2011, the Nominal Respondent issued an order that, for reasons not germane to the instant matter, precluded two prosecution witnesses from testifying at Ward's third trial. The People filed its notice of appeal of the May 26, 2011 Opinion and Order on June 9, 2011, which is docketed as *People v. Ward*, S. Ct. Crim. No. 2011-0041, and is presently pending before this Court. Although its direct appeal of the May 26, 2011 Opinion and Order remains pending, the People filed a petition with this Court on July 26, 2011, which requests that this Court issue a writ of mandamus directing the Nominal Respondent to recuse herself, or exercise its supervisory authority to compel her recusal.[1] In its petition, the People contend that the Nominal Respondent weighed the evidence in the July 23, 2010 Opinion and has conducted an ongoing independent investigation into the facts of the case by issuing numerous interrogatories directed to the prosecution throughout the proceedings, and that this conduct requires her to recuse herself from this matter pursuant to section 284(4) of title 4 of the Virgin Islands Code.[2] This Court, in a July 27, 2011 Order, authorized the Nominal Respondent and Ward to file answers, which they respectively filed on August 16, 2011 and August 17, 2011. In their answers, both the Nominal Respondent and Ward argue that the Nominal Respondent's recusal is not required because the Nominal

---

[1] In addition, the July 26, 2011 petition requested that this Court immediately stay all proceedings in the underlying Superior Court matter. This Court, however, denied this request, as moot, in its July 27, 2011 Order because an automatic stay had already been in place since June 9, 2011, the date the People filed its notice of appeal of the May 26, 2011 Opinion and Order. *See* 4 V.I.C. § 33(d)(2).

[2] "No judge or justice shall sit or act as such in any action or proceeding . . . [w]hen it is made to appear probable that, by reason of bias or prejudice of such judge, a fair and impartial trial cannot be had before him." 4 V.I.C. § 284(4).

Respondent was required to independently review and weigh the evidence in order to rule on a motion that was properly before her.[3]

## II. DISCUSSION

■ "The Supreme Court shall have all inherent powers, including the power to issue all writs necessary to the complete exercise of its duties and jurisdiction under the laws of the Virgin Islands." 4 V.I.C. § 32(b). This includes the authority to issue writs of mandamus. *Id.* However, a writ of mandamus is a drastic remedy which should be granted only in extraordinary circumstances. *In re LeBlanc*, 49 V.I. 508, 516 (V.I. 2008). To obtain a writ of mandamus, the People must establish that its right to the writ is clear and indisputable and that it has no other adequate means to attain the desired relief. *Id.* at 517. Furthermore, "even if the first two prerequisites have been met, the issuing court, in the exercise of its discretion, must be satisfied that the writ is appropriate under the circumstances." *Cheney v. U.S. Dist. Ct.*, 542 U.S. 367, 380-81 (2004).

■ With respect to the first factor, the People contend that the right of the government to appeal in a criminal case is strictly limited to the appeals permitted by statute, *see* 4 V.I.C. § 33(d)(1)-(3), that therefore "[t]here is no other writ or process available to seek correction of the [Nominal Respondent]'s continued antagonism and ongoing independent investigation," and that "[t]he People have attempted the only means available to preserve the impartiality of the process through a motion to recuse," which — by virtue of its denial — is no longer adequate. (Pet. 8-9.) We disagree. To the extent the People believed that "[t]he record shows that the [Nominal Respondent]'s independent investigation through the various interrogatories [issued] is an invasion into the province of the prosecution and a usurpation of power," (Pet. 10), the People had the option of presenting its separation of powers argument to this Court by filing a petition for a writ of mandamus or prohibition

---

[3] In his answer, Ward also alleges that the People's petition is untimely to the extent it seeks the Nominal Respondent's recusal based on the July 23, 2010 Opinion, on the grounds that, had the People been permitted to appeal the Nominal Respondent's February 18, 2011 Order, the appeal would have had to be taken within thirty days pursuant to section 33(d)(5) of title 4 of the Virgin Islands Code. However, Ward has cited to no authority — and this Court can find none — for the proposition that a petition seeking to remove a judge from a case must be filed within the same amount of time as that allowed for taking an appeal.

directing the Superior Court not to issue these interrogatories.[4] *See In re People of the V.I.*, 51 V.I. 374, 381-82 (V.I. 2009), *cert. denied*, No. 09-3492, slip op. at 1 (3d Cir. 2009) (granting mandamus relief on grounds that Superior Court decision to mandate that the government enter into a plea bargain violated the separation of powers clause of the Revised Organic Act of 1954). Moreover, the People did possess the right to appeal — albeit indirectly — the Superior Court's decisions mandating that it respond to its interrogatories, in that the prosecutor could have simply refused to respond to the interrogatories, be held in contempt, and then appeal the order imposing the contempt sanction. *See In re People of the V.I.*, 49 V.I. 297, 309 (V.I. 2007) ("[S]hould the Government desire relief, it must . . . stand in contempt, and appeal from the Court's ruling."). In addition, the People's July 30, 2010 motion requesting the Nominal Respondent's disqualification was premised solely on the contents of the July 23, 2010 Opinion, and made no reference at all to any of the interrogatories, and thus the People never provided the Nominal Respondent with the opportunity to determine whether issuing those interrogatories may establish grounds for her recusal. *See LeBlanc*, 49 V.I. at 517 ("[w]here there are practical avenues for seeking relief that are untried, this Court will ordinarily deny a petition for mandamus.") (quoting *In re Patenaude*, 210 F.3d 135, 141 (3d Cir. 2000)).

█ As to the only grounds for recusal that was fairly presented to the Nominal Respondent — the contents of the July 23, 2010 Opinion — we conclude that the People have failed to establish that their right to a writ directing the Nominal Respondent to recuse herself is clear and indisputable. "A party possesses a 'clear and indisputable' right when the relief sought constitutes a 'specific, ministerial act, devoid of the exercise of judgment or discretion.' " *In re People*, 51 V.I. at 387 (quoting *Dunn-McCampbell Royalty Interest, Inc. v. Nat'l Park Serv.*, 112 F.3d 1283, 1288 (5th Cir. 1997)). "If the purported 'ministerial duty' is a judge's duty to issue legally-correct rulings, mandamus is only appropriate 'to correct judicial action that is clearly contrary to well-

---

[4] Although a writ of mandamus is similar to a writ of prohibition, "[t]he two writs are somewhat different," in that "[a] writ of mandamus may seem more appropriate if the form of the order is to mandate action, and a writ of prohibition if the order is to prohibit action." *United States v. Santtini*, 963 F.2d 585, 593 (3d Cir. 1992) (citing *In re School Asbestos Litig.*, 921 F.2d 1310, 1313 (3d Cir. 1990), *cert. denied*, 499 U.S. 976, 111 S. Ct. 1622, 113 L. Ed. 2d 720 (1991)).

settled law.' " *Id.* (quoting *State ex rel Healey v. McMeans*, 884 S.W.2d 772, 774 (Tex. Crim. App. 1994)). In the context of a judge's refusal to recuse, this standard will only be met if a statute or other applicable authority "clearly and indisputably" required recusal. *See In re School Asbestos Litigation*, 977 F.2d 764, 778 (3d Cir. 1992).

■ As the Nominal Respondent correctly notes in her answer, this Court's decision in *Stevens v. People*, 52 V.I. 294 (V.I. 2009), not only permitted the Nominal Respondent to independently review and weigh the evidence and use her own judgment to determine if there is a serious danger that a miscarriage of justice occurred, but required her to do so. *Id.* at 305. Significantly, the *Stevens* decision expressly found that, in that case, "it [wa]s clear that the Superior Court applied the correct standard in denying Stevens's motion for a new trial" because it "clearly articulated that it was exercising its own judgment in assessing the witnesses' credibility and weighing the evidence." *Id.* at 306. Specifically, the *Stevens* opinion expressly approved of the trial judge stating, in his written opinion, that two defense witnesses "appeared to be lying on the witness stand" while the prosecution's witness "appeared certain and unwavering in his identification of Stevens as the perpetrator." *Id.* at 306-07. Therefore, while we express no opinion as to the correctness of the Nominal Respondent's factual findings or her ultimate decision to order a new trial based on the weight of the evidence, the Nominal Respondent did not act inappropriately when, in her July 23, 2010 Opinion, she expressed her thoughts on the strength of the People's case, determined that the prosecution's witnesses were not credible, and observed that Ward's actions were not consistent with guilt. While it is possible that the People are correct that the better practice would be for the power to order a new trial based on the weight of the evidence to be treated as a dual-edged sword that "on one hand . . . cuts down the jury's guilty verdict, but on the other hand . . . cuts out the trial judge from the subsequent trial," (Nom. Resp. App. 127), neither the *Stevens* decision nor any applicable statute or court rule requires such a procedure in this jurisdiction. Accordingly, because there is no basis in existing law to require a judge to recuse him or herself whenever a motion for a new trial based on the weight of the evidence is granted, the People have failed to establish that the Nominal Respondent was "clearly and indisputably" required to recuse herself.

857

This Court is sympathetic to the People's argument that a new trial granted based on the weight of the evidence is different from a new trial ordered for some other reason, in that a judge who orders a new trial on weight of the evidence grounds has not only publicly revealed his or her internal thoughts about the evidence — including the credibility of the witnesses — but also revealed that he or she believes the previous jury had convicted an innocent man. *Stevens*, 52 V.I. at 305. However, the record does not reflect that the People took any steps to mitigate any of these effects either prior to or immediately after the Nominal Respondent issued the July 23, 2010 Opinion. For example, the People could have requested, before the Nominal Respondent issued a ruling on Ward's motion for a new trial, that any opinion granting a new trial on weight of the evidence grounds be initially filed under seal or contain appropriate redactions in order to prevent potential members of the subsequent jury from discovering the Nominal Respondent's views on the evidence. *Cf. In re State-Record Co., Inc.*, 917 F.2d 124, 129 (4th Cir. 1990) ("If the court found . . . that such information would create pretrial prejudice, the document could be redacted by the court for the public, with the original being filed with the Clerk under seal."). Even now, the People may make appropriate inquiries during *voir dire* in order to prevent individuals with knowledge of the Nominal Respondent's decision from serving as jurors in the subsequent trial. *See In re People*, 51 V.I. at 390-91. Under these circumstances, we hold that the People have failed to establish any of the required elements to warrant issuance of a writ of mandamus.[5]

## III. CONCLUSION

The People's petition fails to establish that it lacks any other adequate means to attain the desired relief, or that its right to a writ of mandamus is clear and indisputable. Therefore, we deny the People's petition.

---

[5] We note that, in its petition, the People also request that this Court exercise its inherent supervisory authority over the Superior Court to remove the Nominal Respondent from the underlying case. However, the petition does not even identify what factors this Court should consider in determining whether to exercise its inherent supervisory authority, let alone attempt to apply those factors to this case. Consequently, because the People have adverted to this issue "in a perfunctory manner, unaccompanied by some effort at developed argumentation," we decline the invitation to exercise our supervisory authority. *See Bernhardt v. Bernhardt*, 51 V.I. 341, 345-46 (V.I. 2009) (collecting cases).