# IN RE: ATTORNEY DOE, Petitioner

S. Ct. Civ. No. 2012-0134

Supreme Court of the Virgin Islands

January 10, 2013

Joel H. Holt, Esq., Law Office of Joel Holt, St. Croix, USVI, *Attorney for Petitioner.*

DIANE M. RUSSELL, ESQ., Law Offices of Diane M. Russell, P.C., St. Croix, USVI, *Attorney for Respondent V.I. Bar Ass'n Ethics and Grievance Committee.*

HODGE, *Chief Justice*; CABRET, *Associate Justice*; and SWAN, *Associate Justice.*

## OPINION OF THE COURT

(January 10, 2013)

 PER CURIAM. This matter is before the Court on a November 28, 2012 petition for writ of prohibition filed by "Attorney Doe,"[1] which requests that this Court enjoin a panel of the Ethics and Grievance Committee from conducting further proceedings with respect to two pending grievances. As to the first grievance, Doe contends that the grievance is not properly before the Committee because Disciplinary Counsel initiated the investigation *sua sponte.* With respect to the second grievance, which came before the Committee as a result of a referral from a Superior Court magistrate, Doe argues that, since the magistrate did not allege a violation of Rule 8.3 of the Model Rules of Professional Conduct, the magistrate lacked standing to file the grievance. For the reasons that follow, we deny the petition.

## I. JURISDICTION AND LEGAL STANDARD

██ This Court possesses jurisdiction over original proceedings for extraordinary writs, such as a writ of prohibition. *See* 4 V.I.C. § 32(b); *In re Najawicz*, S. Ct. Civ. No. 2012-0112, 2012 V.I. Supreme LEXIS 75, *2 (V.I. Oct 10, 2012) (unpublished). A writ of prohibition is similar to a

---

[1] We note that "Attorney Doe" filed the petition anonymously, without ever moving this Court for permission to proceed under a fictitious name. Although Supreme Court Rule 207.1.1 provides for the confidentiality of proceedings before the Ethics and Grievance Committee, we emphasize that Rule 207 — by its own terms — only applies to matters when they are pending before the Committee, and does not extend to proceedings that an attorney-respondent chooses to initiate in this Court prior to entry of a final judgment. While the Rules of Appellate Procedure mandate that the names of certain individuals — such as juveniles and sexual assault victims — be redacted from court filings without prior court approval, *see* V.I.S.CT.R. 15(c)(2), there is no court rule that permits Doe to initiate an original proceeding anonymously without first obtaining leave of this Court. Nevertheless, this Court shall exercise its discretion to entertain the petition, despite such failure.

writ of mandamus, except that "[a] writ of mandamus may seem more appropriate if the form of the order is to mandate action, and a writ of prohibition if the order is to prohibit action." *In re Gov't of the V.I.*, 55 V.I. 851, 856 n.4 (V.I. 2011); *see also United States v. Santtini*, 963 F.2d 585, 593 (3d Cir. 1992). Thus, to determine if issuance of a writ of prohibition is appropriate, this Court applies the same test it does to determine whether a party is entitled to a writ of mandamus. *Id.* at 593-94; *In re Najawicz*, 2012 V.I. Supreme LEXIS 75, at *3. Therefore, to obtain a writ of prohibition, "a petitioner must establish that it has no other adequate means to attain the desired relief and that its right to the writ is clear and indisputable." *In re People of the V.I.*, 51 V.I. 374, 382 (V.I. 2009) (citing *In re Le Blanc*, 49 V.I. 508, 516 (V.I. 2008)). Moreover, "even if the first two prerequisites have been met, the issuing court, in the exercise of its discretion, must be satisfied that the writ is appropriate under the circumstances." *Cheney v. U.S. Dist. Court for the D.C.*, 542 U. S. 367, 380-81, 124 S. Ct. 2576, 159 L. Ed. 2d 459 (2004); *In re Najawicz*, 2012 V.I. Supreme LEXIS 75, at *3-4.

## II. DISCUSSION

■ We conclude that Doe has failed to meet this high burden. Clearly, Doe possesses an adequate alternate means of attaining the desired relief, in that he or she may simply allow both proceedings to run their natural course. If the Committee disagrees with his or her interpretation of Rule 207's standing requirements, Doe could appeal the adverse decision to this Court. *See* V.I.S.Ct.R. 207.4.11(a)-(b).

■ Ordinarily, our analysis would end here, since the failure to satisfy any of the three prerequisites will warrant denying the petition. Nevertheless, since Doe is correct that the Committee serves as an arm of this Court and possesses an obligation to faithfully follow this Court's rules, *see In re Rogers*, 56 V.I. 618, 623-24 (V.I. 2012), we take this opportunity to address the second factor of the applicable test: whether Doe possesses a clear and indisputable right to have the Committee's proceedings enjoined.

■ We hold that the Committee has not — at least in this case — exceeded its authority by permitting both matters to proceed. As the Committee notes in its response, Supreme Court Rule 207.1.3 provides that "[t]he Committee shall investigate *all charges* of professional misconduct that may be brought to its attention in writing, *or it may*

*initiate such investigation on its own . . . .*" V.I.S.CT.R. 207.1.3(a) (emphases added). This language, by its own terms, authorizes the Committee to investigate alleged misconduct even if the matter was not brought to its attention by a "grievant."

■ Doe contends that this interpretation renders "meaningless" the definition of "grievant" in Rule 207.1.2(a). However, Doe fails to recognize the provisions of Rule 207 vesting those who satisfy the definition of a "grievant" with numerous specified rights, including (1) the ability to veto a respondent's waiver of the confidentiality of the Committee proceedings, *see* V.I.S.CT.R. 207.1.1(b); (2) the right to be served with all documents, *e.g.*, V.I.S.CT.R. 207.1.9(b); (3) the ability to request recusal of panel members, *see* V.I.S.CT.R. 207.1.9(a)(6) & 207.2.10(a); (4) the right to participate in discovery, *see* V.I.S.CT.R. 207.2.9; and, perhaps most significantly, (5) full participation in the adjudicatory hearing, including the right to present evidence, call witnesses, and make arguments independently of Disciplinary Counsel, including submitting pre- and post-hearings briefs to the panel, *see* V.I.S.CT.R. 207.3.1(a). Moreover, a "grievant" may receive restitution as a result of the disciplinary proceeding. *See* V.I.S.CT.R. 207.4.3(b)(I)(3). Rule 207 does not confer this full panoply of rights on those who alert the Committee of potential misconduct, but do not meet the definition of a "grievant."

## III. CONCLUSION

For the foregoing reasons, Doe has not established that he or she is entitled to a writ of prohibition. Accordingly, we deny the petition.