DISTRICT 2A, TRANSPORTATION, TECHNICAL, WAREHOUSE, INDUSTRIAL AND SERVICE EMPLOYEES UNION, affiliated with DISTRICT 2, MARINE ENGINEERS BENEFICIAL ASSOCIATION–ASSOCIATED MARITIME OFFICERS, AFL–CIO, Plaintiff

v.

GOVERNMENT OF THE VIRGIN ISLANDS, GOVERNOR ALEXANDER A. FARRELLY, DIRECTOR OF PERSONNEL ELLEN MURRAINE, and COMMISSIONER OF FINANCE JOHN deJONGH, JR., Defendants

Civil No. 88-352

District Court of the Virgin Islands

Div. of St. Thomas and St. John

November 2, 1990

ARCHIE JENNINGS, St. Thomas, V.I., *for plaintiff*

CARTER, *District Judge*

### MEMORANDUM

The plaintiff, District 2A, Transportation, Technical, Warehouse, Industrial and Service Employees Union, affiliated with District 2, Marine Engineers Beneficial Association-Associated Maritime Officers, AFL–CIO ("District 2A"), filed its complaint on November 10, 1988. It sought a declaratory judgment pursuant to 28 U.S.C. § 2201 and 24 V.I.C. § 383, specific performance, injunctive relief in the form of mandamus, and damages for breach of contract as well as for violation of civil rights pursuant to 42 U.S.C. § 1983.

The defendants—the Government of the Virgin Islands (Executive Branch), Governor Alexander A. Farrelly, Director of Personnel Ellen Murraine, and then-Commissioner of Finance John DeJongh, Jr.—failed to plead or otherwise defend the claims made against them.[1] In accordance with Rule 55(a), F.R.Civ.P., the clerk of the court made an entry of default against the defendants on May 3, 1989. District 2A now moves for entry of default judgment pursuant to Rule 55(b), F.R.Civ.P.

District 2A is the exclusive representative, for collective bargaining purposes, of a unit of supervisory personnel in the executive branch of the Government of the Virgin Islands. It alleges that, starting in May, 1987, and pursuant to Governor Farrelly's directions, executive officers of various departments and agencies informed some supervisors that their employment classification had been changed from "classified" to "exempt" service. According to District 2A's allegations, other supervisors were told that their positions had been eliminated, or were terminated without cause, or were coerced into accepting "exempt" status.

---

[1] According to the court's records, all of the defendants were properly served with notice of District 2A's complaint. To date, however, none of the defendants has made any kind of appearance in this action.

■ ■ Since defendants are in default, the Court will accept as true the factual allegations contained in District 2A's complaint, except those concerning amount of damages. See Thomson v. Wooster, 114 U.S. 104 (1885); Fehlhaber v. Indian Trails, Inc., 425 F.2d 715, 716 (3d Cir. 1970). The Court must nonetheless determine whether these unchallenged facts support a legitimate cause of action. See 10 Wright, Miller & Kane, Federal Practice & Procedure: Civil 2d § 2688.

■ District 2A argues that Governor Farrelly's actions were in direct breach of the collective bargaining agreement that was in effect at the time. However, Article XVI of that agreement sets forth a detailed arbitration procedure as "the exclusive means of settlement of all grievances arising under this Agreement." It defines "grievance" as a "complaint, dispute or controversy between the parties as to the interpretation, violation, application or performance of this Agreement." Thus, District 2A was required to submit to arbitration any claims alleging that Governor Farrelly's May, 1987 actions were in violation of the collective bargaining agreement. Accordingly, this Court is without jurisdiction to adjudicate District 2A's causes of action that arise under the collective bargaining agreement—specifically, its breach of contract, specific performance, and impairment of contracts claims. See. e.g., Dean Witter Reynolds, Inc. v. Byrd, 470 U.S. 213, 221 (1985); Edwards v. Government of the Virgin Islands, 22 V.I. 238, 241 (D.V.I. 1986).

However, District 2A also seeks relief on statutory grounds. It alleges that the Governor took the May, 1987 actions in accordance with his interpretation of Acts 5225 and 5265 of the Virgin Islands Legislature, both of which authorized the Governor to take certain measures regarding the reorganization of the executive branch. See 1986 V.I. Acts 5225, § 4; 1987 V.I. Acts 5265. It argues that defendants have violated Act 5336, which amended Acts 5225 and 5265 and which provides:

No government employee of the Executive branch who holds a position or classification of employment in the career or classified service, as referred to in Title 3, Section 451A, VIC, and who is employed within a bargaining unit certified by, or which may become certified by, the Public Employees Relations Board, pursuant to Title 24, Chapter 14, VIC, shall be placed into exempt, unclassified or temporary service, unless and until such employee has filed a written request therefore [sic] with the Direc-

tor of Personnel upon form to be provided by the Director. Such form shall set forth a statement that the request is voluntarily undertaken as certified by a witness.

1988 V.I. Acts 5336, § 6(b).

Act 5336 further provides:

Any government employee of the Executive branch who, prior to the enactment of Act No. 5225, held a position in the classified or career service and who was employed within a bargaining unit certified by, or which may become certified by, the Public Employees Relations Board, pursuant to Title 24, Chapter 14, VIC, whose position or classification of service was placed in unclassified, exempt or temporary service, shall be deemed, effective upon passage of Act No. 5225, to hold a position in the classified service.

Id., § 7(a)(i).

District 2A has provided the Court with a copy of a memorandum issued by Governor Farrelly on April 7, 1989. That memorandum set forth policies and guidelines according to which the above-quoted provisions of Act 5336 were to be implemented. District 2A asserts that, despite the Governor's issuance of the memorandum, a number of supervisors have yet to be returned to "classified" service.

■ Throughout the entire two-year duration of this action, the Attorney General has been shamefully remiss in failing to make even a single appearance or file any pleading on behalf of the defendants. The Court is therefore left to adjudicate District 2A's statutory claim with no guidance from the Attorney General as to whether Act 5336's mandates have been met. Such irresponsible behavior on the part of the Attorney General is absolutely inexcusable and entitles District 2A to a default judgment on its statutory claim.

Accordingly, the Court will enter an appropriate order directing the defendants to carry out the implementation plan outlined in Governor Farrelly's memorandum of April 7, 1989. In light of this order, the Court need not reach the merits of District 2A's civil rights claim. Finally, as for any backpay to which a supervisor may be entitled pursuant to Act 5336 such issues must be resolved in accordance with the arbitration procedure set forth in the collective bargaining agreement.

## ORDER

AND NOW, this 2nd day of November, 1990, for the reasons stated in the Court's memorandum of this date, it is hereby

ORDERED that default judgment be entered against the defendants as to plaintiff's statutory claim; it is further

ORDERED that, pursuant to 28 U.S.C. § 2201 and 24 V.I.C. § 383, defendants are declared to be in violation of 1988 V.I. Acts 5336; it is further

ORDERED that defendants are hereby directed to carry out the implementation plan outlined in Governor Alexander Farrelly's memorandum of April 7, 1989, in the enforcement of 1988 V.I. Acts 5336; it is further

ORDERED that plaintiff's claim under 42 U.S.C. § 1983 is not reached; it is further

ORDERED that, as to to all other claims in plaintiff's complaint, the parties invoke the arbitration procedures prescribed in their collective bargaining agreement.