**THE BANK OF NOVA SCOTIA, Plaintiff**

**v.**

**MIRANDA DORE, SYLVIA DORE, GLEN DORE, GREGORY DORE, IRVIN SMITH, JOHN TURNBULL, DOUGLAS DANIEL, WALTER BROWN, SHELTON HECTOR and "JOHN DOE", being the unknown heirs of FRANK DORE a/k/a FRANKLIN E. DORE, holding interest in Parcel 12B-11 Estate Bovoni, Defendants**

Case No. ST-08-CV-426

Superior Court of the Virgin Islands

Division of St. Thomas and St. John

October 19, 2012

MATTHEW J. DUENSING, ESQ., St. Thomas, USVI, *Attorney for Plaintiff.*

CHRISTIAN, *Judge*

## MEMORANDUM OPINION

(October 19, 2012)

**THIS MATTER** is before the Court on the Motion for Default Judgment filed by Plaintiff Bank of Nova Scotia ("Scotiabank") seeking judgment for debt and foreclosure against all Defendants.[1] Upon consideration of the motion, it presents the Court with issues not previously addressed by Virgin Islands courts with respect to the quantum of proof required to support a motion for default judgment, and the parameters of fictitious party practice under the rules of this Court. For the reasons set forth below, the Court will: 1) dismiss this action against all Defendants except Miranda Dore and Sylvia Dore; and 2) defer its decision on the motion for default judgment against those two Defendants pending the receipt of certain required affidavits.

## I. FACTUAL BACKGROUND AND PROCEDURAL POSTURE.

On or about December 2, 1999, Frank E. Dore, also known as Frank Dore and Franklin E. Dore ("Frank Dore"), executed a mortgage note in favor of Scotiabank in the amount of Fifteen Thousand Dollars

---

[1] Scotiabank also filed two Renewed Motions for Default Judgment and a Second Renewed Motion for Default Judgment. This opinion and concomitant order dispose of all of these motions as well.

($15,000.00).[2] On that same date, Frank Dore and Miranda Dore executed a first priority mortgage in favor of Scotiabank, by which Parcel No. 12B-11 Estate Bovoni (Western Part), Nos. 1 and 2 Frenchman's Bay Quarter, St. Thomas, U.S. Virgin Islands (the "Subject Property"), was pledged as security for the repayment of the mortgage note. Frank Dore executed the mortgage on behalf of Miranda Dore via a Power of Attorney dated November 17, 1999. All three documents were recorded at the Office of the Recorder of Deeds on December 3, 1999. Although the mortgage was executed by her in the aforementioned manner, Miranda Dore did not execute the mortgage note personally or through a power of attorney.

Section 18 of the mortgage listed several items which would constitute instances of default thereunder, including the failure of Frank Dore to meet all of his obligations under the mortgage note. In section 18(e), the mortgage provides that in the event of such a default, Scotiabank had the option to accelerate Frank Dore's payments under the mortgage note and mortgage, declare the full amount immediately due without any notice to him, and commence an action for foreclosure against the Subject Property. Under paragraph 29 of the mortgage, the term "mortgagor" includes the ". . . heirs, administrators, executors, successors and assigns . . ." of the mortgagor.

Frank Dore expired on April 4, 2002, and, of course, ceased making any payments under the mortgage note. Initially, Scotiabank filed this action in the District Court of the Virgin Islands,[3] but, for reasons not pertinent to this discussion, voluntarily dismissed that matter. On September 8, 2008, Scotiabank commenced the above-captioned action for debt and foreclosure against Miranda Dore, who was the wife of Frank Dore. Scotiabank also named as defendants Sylvia Dore, Glen Dore, Gregory Dore, Irvin Smith, John Turnbull, Douglas Daniel, Walter Brown, and Shelton Hector, alleging that these individuals are heirs of Frank Dore. Scotiabank further named as a defendant "John Doe," a

---

[2] The mortgage note is actually dated December 2, 1998. However, the accompanying mortgage, which incorporates the note, is dated December 2, 1999, and was notarized on that date. Scotiabank has alleged that both documents were executed and recorded simultaneously. And, both documents are of the same typeface and format. Taking all of these factors together, the Court determines that both the note and mortgage were executed on December 2, 1999.

[3] That matter was styled as *Bank of Nova Scotia v. Miranda Dore, et al.*, District Court of the Virgin Islands. Division of St. Thomas and St. John, Civil No. 2003-144.

fictitious person who represents all unknown heirs of Frank Dore who claim an interest in the Subject Property. On February 3, 2009, this Court entered an Order authorizing substituted service on all of the named Defendants via publication. Defendants were served via publication in the St. Croix Source, the St. John Source, and the St. Thomas Source between April 6, 2009, and May 4, 2009. Pursuant to this service by publication, the Court entered defaults against all Defendants on December 3, 2010. Scotiabank now seeks a default judgment against all Defendants for debt and foreclosure as set forth in its complaint.

## II. LEGAL DISCUSSION.

### A. The legal standards governing Scotiabank's motion for default judgment.

■ Although Defendants have not appeared, answered, or otherwise defended against the complaint,[4] Scotiabank is not entitled to a default judgment against Defendants as a matter of right.[5] Rather, the Court must exercise its discretion to determine whether to grant the relief sought.[6] In exercising this discretion, the trial court may consider any relevant factors appearing in the record before it.[7] On a motion for default judgment, a trial court accepts the factual allegations of the complaint as true, except for those averring the amount of damages.[8] But, a trial court need not accept as true the legal conclusions a plaintiff places in its complaint, or any factual allegations which are not well-pleaded.[9] Thus, when reviewing the allegations of a complaint to determine whether to award a judgment by default, the Court essentially looks at the pleading through

---

[4] *See,* SUPER. CT. R. 47.

[5] *Wallace v. De Werd,* 7 V.I. 294, 296, 47 F.R.D. 4, 5 (D.V.I. 1969) (quotation and citation omitted).

[6] *Eastern Elec. Corp. of New Jersey v. Shoemaker Constr. Co.,* 652 F. Supp. 2d 599, 604 (E.D. Pa. 2009) (citations omitted); *Settlement Funding, LLC v. Garcia,* 533 F. Supp. 2d 685, 695 (W.D. Tex. 2006) (citations omitted).

[7] 10A CHARLES ALAN WRIGHT, ET AL., FEDERAL PRACTICE AND PROCEDURE § 2685 (3d ed. Database Updated Sept. 2012).

[8] *Dist. 2A, Transp., Technical, Warehouse, Indus, and Serv. Employees Union v. Government,* 25 V.I. 422, 424, 759 F. Supp. 278, 280 (D.V.I. 1990) (citations omitted).

[9] *Cannon v. Exum,* 799 F.2d 751 (4th Cir. 1979) (unpublished table decision); *Nishimatsu Constr. Co., Ltd. v. Houston Nat'l Bank,* 515 F.2d 1200, 1206 (5th Cir. 1975).

a prism similar to that used when ruling on a motion to dismiss for failure to state a claim.[10]

■ Importantly, according to the rules of this Court, the movant for a default judgment must present its evidence through either sworn oral testimony or affidavits.[11] In this case, Scotiabank relies on its complaint and the affidavits of its employee Daniel Rogers[12] and its attorneys. Our rule provides,

> If proof is made by affidavit, it shall be sworn to not more than 15 days before its presentation to the clerk; it shall show that affiant has competent knowledge of the facts sworn to and, if not made by the plaintiff, that affiant is authorized to make the same on behalf of the plaintiff, and shall verify all facts necessary to establish the claim and the amount due after deducting all credits to which defendant is entitled. Copies of all papers and book entries relied upon shall be annexed to the affidavit, or if annexed to the complaint, may be verified by reference in the affidavit.[13]

■■ Although, by its terms, Rule 48(a) applies to requests for default judgment addressed to the Clerk of the Court, it would be anomalous to require that lesser evidence should be submitted when the motion is presented to a trial judge. As aptly noted by one federal court, "Unless there are very unusual circumstances to justify it, the evidentiary material offered in support of a final judgment should consist of material within the personal knowledge of the affiant and not hearsay, and attached exhibits should be accompanied by sworn statements of the circumstances that would qualify them as full exhibits."[14] Once the requisite evidence has been presented, the trial court reviews the same and decides whether the movant has met the "modest burden" of stating a claim on which relief

---

[10] *See, Brady v. Cintron*, 55 V.I. 802, 823 (V.I. 2011) (citations omitted) (discussing the standard a trial court must apply to a motion to dismiss brought pursuant to FED. R. CIV. P. 12(b)(6)).

[11] SUPER. CT. R. 48(a).

[12] Mr. Rogers supplemented his affidavit with oral testimony in open court.

[13] SUPER. CT. R. 48(a).

[14] *Oceanic Trading Corp. v. Vessel Diana*, 423 F.2d 1, 4 (2d Cir. 1970) (reversing entry of a default judgment where the trial court relied on affidavits of counsel made on information and belief and unauthenticated documents).

may be granted.[15] The Court will apply the foregoing legal criteria to Scotiabank's present motion.

## B. The record does not support the entry of a default judgment against most of the named Defendants.

■ Under the foregoing legal standards, as against Defendants Glen Dore, Gregory Dore, Irvin Smith, John Turnbull, Douglas Daniel, Walter Brown, and Shelton Hector, Scotiabank has failed to provide any basis to sustain a default judgment, either for debt or foreclosure. Taken together, the affidavits submitted by Scotiabank and its attorneys indicate only that these Defendants were served via publication in the St. Croix Source, the St. John Source, and the St. Thomas Source. No basis for any independent liability of these Defendants to Plaintiff is asserted in any pleading, motion, or affidavit of Scotiabank. It is clear from the complaint that Scotiabank is seeking judgment against these Defendants solely on the basis that they are heirs of Frank Dore.

■ However, the sole allegations against these persons in the complaint, that they are citizens of the United States Virgin Islands and heirs of Frank Dore, are made only upon information and belief. Allegations of a movant made on information and belief by themselves are insufficient to sustain a request for default judgment.[16] Further, these statements are not presented in an affidavit by a person with personal knowledge, as required by Rule 48(a) of this Court. The barebones allegations against these Defendants are not concrete enough for this Court to saddle them with personal judgments in favor of Plaintiff.

At the hearing held in this matter some time ago, counsel for Scotiabank indicated that he had a "high degree of confidence" regarding the identity of the heirs.[17] However, no testimony was elicited from Mr. Rogers at said hearing about the heirs, nor was any such information presented via a sworn affidavit as required by the Rules of the Superior

---

[15] *See, Commscope, Inc. of North Carolina v. Commscope (U.S.A.) Int'l Group Co.*, 809 F. Supp. 2d 33, 36-37 (N.D.N.Y. 2011). *See also, Kemper Independence Ins. Co. v. Mendoza*, No. 2:11-CV-155 JD, 2012 U.S. Dist. LEXIS 93623, at *4 (N.D. Ind. July 5, 2012) ("Default judgment is only appropriate if the well-pleaded allegations, along with any evidence submitted to the court, are sufficient to establish a legal claim.").

[16] *Oceanic Trading Corp.*, 423 F.2d at 4. *See also, Baltimore Line Handling Co. v. Brophy*, 771 F. Supp. 2d 531, 543 (D. Md. 2011) (quoting *Oceanic Trading Corp.*).

[17] Transcript of May 19, 2011 hearing at pp. 25-26.

Court. The Court cannot rely on the unsworn statements of counsel because they do not constitute evidence.[18] Therefore, the request for default judgment for debt and foreclosure against Defendants Glen Dore, Gregory Dore, Irvin Smith, John Turnbull, Douglas Daniel, Walter Brown, and Shelton Hector will be denied, and this action dismissed as against said Defendants.

### C. A judgment may not be entered against the fictitious defendant "John Doe" under the Rules of the Superior Court.

Scotiabank, in an apparent effort to guard against any future collateral attack on a favorable judgment, names "John Doe" as a fictitious defendant in its complaint, and now seeks a default judgment against that entity. John Doe represents any unknown heirs of Frank Dore who claim an interest in the Subject Property. The pertinent rule of this Court governing fictitious party practice provides,

> If the defendant's true name is unknown to the plaintiff, process may issue against the defendant, designating him by a fictitious name and giving an appropriate description of defendant sufficient to identify him. Thereafter, and prior to entry of judgment, on motion and notice to the defendant the proceedings shall be amended to set forth the true name of the defendant. No such amendment shall be ordered unless an affidavit shall be filed showing how the true name of the defendant was obtained, and no final judgment shall be entered until such order has been made. The proceedings may be amended without mention or notice to the defendant, and without the filing of an affidavit in those cases in which the defendant has acknowledged his true name in a written appearance or an answer or orally in open court.[19]

■■ The rules of this Court are applied using the same standards which govern the construction of statutes.[20] Of course, the primary objective of the trial court is to give effect to plain words utilized in the

---

[18] *Henry v. Dennery*, 55 V.I. 986, 994 (V.I. 2011) (". . .unsworn representations of attorneys are not evidence.") (citations omitted).

[19] SUPER. CT. R. 26.

[20] *Corraspe v. People*, 53 V.I. 470, 480-481 (V.I. 2010) (citations omitted); *People v. Rivera*, 54 V.I. 116, 125 (Super. Ct. 2010) (citations omitted).

subject rule.[21] The language of Rule 26 clearly provides that a fictitious name may be used in a pleading to designate a defendant for the purpose of bringing suit and the issuance of process. The same rule just as clearly provides that a final judgment may not be entered until an order substituting the true name of the fictitious defendant has been issued. Scotiabank has not provided an affidavit containing the true name or names of John Doe, or how the name or names were determined. Moreover, no heir of Frank Dore has entered an appearance or an answer setting forth his or her true name.

■ This Court's Rule 26 is very similar to, and appears to be patterned after, Rule 4:26-4 of the Rules of the Superior Court of New Jersey.[22] The purpose of these fictitious party rules is to provide a mechanism for a plaintiff to file a suit within the applicable statutory limitations period when, after the exercise of due diligence, the true name of a defendant remains unascertained.[23] The fictitious party practice seeks to ". . . balance the defendant's interest in repose with the plaintiffs interest in a just determination of his or her claim. [But], [t]he need to submit claims promptly to judicial management must be tempered by the policy favoring the resolution of claims on their merits."[24] Therefore, once a plaintiff initiates the fictitious party procedure, it bears the burden of moving diligently during the litigation to identify the misnamed defendant.[25]

---

[21] *See, e.g., In re People*, 49 V.I. 297, 306 (V.I. 2007) (citations omitted).

[22] New Jersey Rule 4:26-4 provides, "In any action, irrespective of the amount in controversy, other than an action governed by R. 4:4-5 (affecting specific property or a res), if the defendant's true name is unknown to the plaintiff, process may issue against the defendant under a fictitious name, stating it to be fictitious and adding an appropriate description sufficient for identification. Plaintiff shall on motion, prior to judgment, amend the complaint to state defendant's true name, such motion to be accompanied by an affidavit stating the manner in which that information was obtained. If, however, defendant acknowledges his or her true name by written appearance or orally in open court, the complaint may be amended without notice and affidavit. No final judgment shall be entered against a person designated by a fictitious name."

[23] *Viviano v. CBS, Inc.*, 101 N.J. 538, 503 A.2d 296, 301 (N.J. 1986).

[24] *Id.*

[25] *Claypotch v. Heller, Inc.*, 360 N.J. Super. 472, 823 A.2d 844, 848 (N.J. Super. Ct. App. Div. 2003). *Accord, Sparks v. Alpha Tau Omega Fraternity, Inc.*, 255 P.3d 238, 243-44 (Nev. 2011).

In this instance, Scotiabank has not presented any evidence that it has taken any steps to identify any unknown heirs of Frank Dore. Rather, at this juncture, Scotiabank simply requests that this Court enter a default judgment for debt and foreclosure against John Doe, in direct contravention of Rule 26 of this Court. The lack of presentation of any efforts to identify any additional heirs of Frank Dore is inexplicable in this case because Plaintiff's counsel indicated on the record that there were avenues that had, or could have, been pursued to identify, serve, and bring into this litigation the heirs of Frank Dore. Specifically, Scotiabank's attorney stated,

> I appreciate that because in this particular case, we have a high degree of confidence who the heirs are because we had records at the bank. We were in contact with the ex-wife at one point who identified who the sons were and then we actually were in contact with the John Thomas Funeral Home who had a record there of all the family members.[26]

Despite being armed with this plethora of information, Scotiabank has not submitted any evidence whatsoever that it attempted to identify any unknown heirs of Frank Dore. Therefore, I cannot conclude that Plaintiff exercised the requisite due diligence to bring such heirs before this tribunal. As with New Jersey Rule 4:26-4, "By the plain language of [SUPER. CT. R 26] plaintiff is precluded from taking judgment against a fictitious defendant."[27] Therefore, Scotiabank's motion for default judgment against Defendant John Doe will be denied, and this matter dismissed as against that fictitious party.

### D. A default judgment against defendants Miranda Dore and Sylvia Dore will be deferred pending Scotiabank's failure to comply with the local rules and federal law.

Despite the foregoing, it appears that Scotiabank has established the legal requisites to sustain a claim for foreclosure against the remaining Defendants and the Subject Property. Scotiabank avers, without any equivocation, that Miranda Dore was the wife of Frank Dore, and that Sylvia Dore is an heir of the decedent. Given the clarity of

---

[26] Transcript of May 19, 2011 hearing at pp. 25-26.

[27] *Stegmeier v. St. Elizabeth Hosp.*, 239 N.J. Super. 475, 571 A.2d 1006, 1011 (N.J. Super. Ct. App. Div. 1990).

Plaintiffs allegations with respect to these two Defendants, the Court will accept the averments as well-pleaded for purposes of the instant motion. Further, in the Virgin Islands, real property passes from a decedent to his or her heirs immediately upon the passing of the decedent to his or her heirs, even without an administration of decedent's estate.[28] Importantly, real property passes to heirs subject to any mortgages recorded thereon.[29]

In this case, Scotiabank has established that Frank Dore executed a valid and enforceable mortgage note and mortgage in favor of it, which were duly recorded against the Subject Property on December 3, 1999. Moreover, Section 18 of the mortgage authorizes Scotiabank to foreclose in the event of default. Because Miranda Dore and Sylvia Dore inherited the Subject Property from Frank Dore subject to Scotiabank's mortgage, Frank Dore defaulted under the mortgage note and mortgage, and the mortgage authorizes foreclosure under these circumstances, a default judgment of foreclosure against Defendants Miranda Dore and Sylvia Dore and in favor of Scotiabank appears to be appropriate.[30]

However, under the Rules of the Superior Court, "No judgment by default shall be entered against an infant or incompetent person except upon notice to his guardian or a guardian ad litem appointed for him."[31] The burden to provide such information falls upon the movant for a default judgment.[32] Yet, Scotiabank has not provided an appropriate affidavit which demonstrates for the record that Miranda Dore and Sylvia Dore are not infants or incompetent persons. Similarly, under federal law, before a default judgment may be entered against a defendant in a civil action, the movant must provide an affidavit stating that: 1) the defendant is not in the active service of the United States military and demonstrating a basis for that conclusion; or 2) that it is unable to

---

[28] *Virgin Islands v. Certain Parcels of Land in Estate Nisky,* 713 F.2d 53 (3d Cir. 1983).

[29] *In re Camp,* 78 B.R. 58, 64 (Bankr. E.D. Pa. 1987) ("If an individual inherits a real property which is subject to a note and mortgage, it is obvious that the individual owns property subject to the debt, but is not personally liable."); *GMAC Mortgage Corp. v. McElroy,* 2005 Ohio 2837, ¶ 9 (Ohio Ct. App. June 6, 2005).

[30] *See, Thompson v. Florida Wood Theaters, Inc.,* 52 V.I. 986, 995 (D.V.I. 2009) (listing the elements which must be established in an action for foreclosure), *aff'd,* 405 Fed. Appx. 610 (3d Cir. 2010).

[31] SUPER. CT. R. 48(b).

[32] *E.g., United States Dept. of Agriculture v. David,* Civil No. 2005-141, 2008 U.S. Dist. LEXIS 58862, at *4 (D.V.I. July 31, 2008).

determine whether defendant is in the active service of the United States military.[33] This federal law applies to civil actions in federal, state, and territorial courts.[34] Scotiabank's failure to submit any affidavit meeting this mandate is fatal to its instant motion.[35]

Notwithstanding the foregoing shortcomings, the Court has the discretion to defer its ruling on Scotiabank's motion and set a deadline for the submission of the requisite affidavits. The Court views this as the more appropriate route. Denying the motion outright would simply result in Scotiabank re-filing its motion with the same supporting documents plus the additional affidavits. This duplication of paperwork is not consistent with the Court's duty to avoid needless expense.[36] Therefore, Scotiabank will be allowed a short period of time in which it must submit the requisite affidavits regarding Defendants Miranda Dore and Sylvia Dore.

### III. CONCLUSION.

Based on the foregoing points and authorities, the Court will deny Scotiabank's Motion for Default Judgment in part and dismiss this action as against all Defendants except Miranda Dore and Sylvia Dore. The Court will also defer any ruling on the portion of the motion seeking foreclosure of the mortgage lien on the Subject Property against those two remaining Defendants. An appropriate order consistent with this memorandum opinion will be issued herewith.

---

[33] 50 U.S.C. app. § 521(b)(1).

[34] *See*, 10A CHARLES ALAN WRIGHT, ET AL., FEDERAL PRACTICE AND PROCEDURE § 2691 (3d ed. Database Updated Sept. 2012).

[35] *See, Bank of Nova Scotia v. James*, Civil No. 2005-208, 2009 U.S. Dist. LEXIS 28644, at *2-3 (D.V.I. Mar. 31, 2009).

[36] *See*, SUPER. CT. R. 1.