IN THE SUPERIOR COURT
OF THE VIRGIN ISLANDS



**FILED**
March 11, 2022 12:23 PM
SX-2008-CV-00201
**TAMARA CHARLES**
**CLERK OF THE COURT**

## SUPERIOR COURT OF THE VIRGIN ISLANDS

### DIVISION OF ST. CROIX

| | |
|---|---|
| STEPHANIE HODGE,<br><br>                  **PLAINTIFF,**<br><br>v.<br><br>**H. DUANE BOBECK, PASSPORT HOLDINGS, NEPTUNE HOLDINGS, BOBECK REAL ESTATE COMPANY,** AND **XYZ COMPANY,**<br><br>                  **DEFENDANTS.** | Civil No. SX-2008-CV-201<br><br>**JURY TRIAL DEMANDED**<br><br>**CITE AS: 2022 VI SUPER 25** |

**Appearances:**
**Lee J. Rohn, Esq.**
Lee J. Rohn and Associates, LLC
St. Croix, U.S. Virgin Islands
*For Plaintiff*

**Andrew C. Simpson, Esq.**
Andrew C. Simson, P.C.
St. Croix, U.S. Virgin Islands
*For Defendants and*
*Non-Party Janis Bobeck*

### MEMORANDUM OPINION AND ORDER

**WILLOCKS, Presiding Judge**

¶ 1 **THIS MATTER** came before the Court on Plaintiff Stephanie Hodge's (hereinafter "Plaintiff") motion to appoint Janis Bobeck, Defendant Bobeck's widow, as the personal representative of Defendant H. Duane Bobeck's (hereinafter "Bobeck") estate, filed on October 27, 2021. On December 17, 2021, Janis Bobeck, a nonparty, filed an opposition thereto. On December 20, 2021, Plaintiff filed a reply thereto.

### BACKGROUND

¶ 2 On April 14, 2008, Plaintiff filed a complaint against Defendant Bobeck, Defendant Passport Holdings, Defendant Neptune Holdings, Defendant Bobeck Real Estate Company, and

Defendant XYZ Company (collectively, "Defendants") in connection with Plaintiff's employment with Defendants. The complaint has since been amended twice and the second amended complaint, deemed filed on July 11, 2009, is the operative complaint. The second amended complaint did not set forth the specific names of each cause of action but based on the allegations therein, it appears that Plaintiff alleged the following causes of action: Count I – "violation of Title VII known as the Civil Rights Act"; Count II – "violation of the Virgin Islands statutes against discrimination and harassment"; Count III – "wrongful discharge"; Count IV – "slander and defamation and as such that they constitute defamation per se"; Count V – "intentional infliction of emotional distress"; Count VI – misrepresentation; Count VII – "breached their duty of good faith and fair dealing...and contractual duties"; and Count VIII – "an award of punitive damages." (SAC.)

¶ 3    On October 21, 2021, Janis Bobeck, a nonparty, filed a notice of death via Andrew C. Simpson, Esq. of Andrew C. Simpson, P.C.[1] whereby she advised the Court that her husband Defendant Bobeck passed away on September 23, 2021. In her notice, Janis Bobeck also advised the Court that Defendant Bobeck "died without an estate." (Oct. 21, 2021 Notice.)

¶ 4    On October 27, 2021, Plaintiff filed this instant motion.

¶ 5    A status conference was scheduled on February 10, 2022 but did not go forward.[2]

---

[1] On June 15, 2009, Sarah Crawford filed a complaint against Defendant Bobeck, Defendant Janis Bobeck, Defendant Passport Holdings, Defendant Neptune Holdings, and Defendant XYZ Company in Case No. SX-2009-CV-292. Lee Rohn, Esq. of Lee J. Rohn and Associates, LLC, the counsel of record for Plaintiff in this matter, is also counsel of record for Sarah Crawford in Case No. SX-2009-CV-292. Andrew C. Simpson, Esq. of Andrew C. Simson, P.C., counsel of record for Defendants in this matter, is also counsel of record for the defendants in Case No. SX-2009-CV-292.

[2] The February 10, 2022 status conference did not go forward in light of Plaintiff's pending motion. As such, the Court will vacate nunc pro tunc the February 10, 2022 status conference.

## STANDARD OF REVIEW

¶ 6    If a claim has been filed and is still pending when the person dies, the procedure for the substitution of the decedent's personal representatives or successor requires a motion and is governed by Title 5 V.I.C. § 78[3] (hereinafter "Section 78") and Rule 25 of the Virgin Islands Rules of Civil Procedure[4] (hereinafter Rule 25"). Both Section 78 and Rule 25 set forth a two-year deadline after the date of the death to file the motion for substitution. *Id.* While some jurisdictions require a personal representative, such as an executor or an administrator, to be appointed first by opening an estate via a formal probate proceeding, the Virgin Islands Supreme Court, in promulgating Rule 17(e) of Virgin Islands Rules of Civil Procedure (hereinafter "Rule 17(e)"), expressly eliminated the requirement to open an estate via a formal probate proceeding as a prerequisite for a plaintiff bringing or maintaining wrongful death suits filed under Title 5 V.I.C.

---

[3] Title 5 V.I.C. § 78 provides:

§ 78. Substitution of parties

No action shall abate by the death or disability of a party or by the transfer of any interest therein, if the cause of action survives or continues. In case of the death or disability of a party, the court may at any time within two years thereafter, on motion, allow the action to be continued by or against his personal representatives or successor in interest.

Title 5 V.I.C. § 78

[4] Rule 25(a) provides, in relevant part:

Rule 25. Substitution of Parties

(a) Death.

(1) *Substitution if the Claim Is Not Extinguished.* If a party dies and the claim is not extinguished, the court may order substitution of the proper party. A motion for substitution may be made by any party or by the decedent's successor or representative. The motion may be granted at any time within two years after the death.

(2) *Continuation Among the Remaining Parties.* After a party's death, if the right sought to be enforced survives only to or against the remaining parties, the action does not abate, but proceeds in favor of or against the remaining parties. The death should be noted on the record.

(3) *Service.* A motion to substitute, together with a notice of hearing, must be served on the parties as provided in Rule 5 and on nonparties as provided in Rule 4. A statement noting death must be served in the same manner.

V.I. R. CIV. P. 25(a).

§ 76 and survival actions filed under Title 5 V.I.C. § 77. V.I. R. Civ. P. 17(e);[5] *see also Raymond v. Assefa*, 69 V.I. 953 (V.I. 2018).[6]

## DISCUSSION

¶ 7    In her motion, Plaintiff moved to appoint Janis Bobeck as the personal representative of Defendant Bobeck's estate. Plaintiff made the following assertions in support of her motion: (i) "While Janis Bobeck represents that Mr. Bobeck 'died without an estate,' Mr. Bobeck previously testified as to his ownership in Bobeck Real Estate, and various companies." (Motion, p. 1) and (ii) "Plaintiff is entitled to proceed against Janis Bobeck, as the Personal Representative of [Defendant Bobeck's estate], obtain a verdict, and collect that verdict from funds that may have been alienated, transferred after this suit was filed."[7] (Id., at p. 2.)

---

[5] Rule 17(e) of Virgin Islands Rules of Civil Procedure provides:

> Rule 17. Plaintiff and Defendant; Capacity; Public Officers
>
> . . .
>
> (e) Actions for Wrongful Death and Survival.
>
> In wrongful death suits filed under 5 V.I.C. § 76 and in survival actions filed under 5 V.I.C. § 77, the action may be prosecuted in the name of a plaintiff identified in the complaint as acting as a personal representative. The named plaintiff shall serve as personal representative throughout the proceeding unless replaced by order of the court.
>
> V.I. R. Civ. P. 17(e).

[6] The Virgin Islands Supreme Court pointed out in *Raymond*,

> Importantly, the accompanying Advisory Committee Note emphasizes that the purpose of Rule 17(e) is to clarify that a probate estate need not be opened as a prerequisite to appointment of a personal representative under sections 76 or 77:
>
> > Subpart (e) is a provision dealing specifically with wrongful **death** and survival actions under 5 V.I.C. §76 and § 77. *To avoid any unnecessary requirement to open an estate*, and to permit swift commencement of proceedings where required for statute of limitations or other purposes, this subpart of the rule provides that an action may be prosecuted in the name of a plaintiff who is identified in the complaint as acting as a personal representative, although court appointment to that position has not at that time been made. The named plaintiff will serve as personal representative throughout the proceeding unless replaced by order of the court. V.I. R. Civ. P. 17 ADVISORY COMMITTEE NOTE (emphasis added).
>
> 69 V.I. at 958-59.

[7] Plaintiff referenced: *In re Deceased Plaintiffs*, 73 V.I. 165, ¶ 32 (V.I. Super. Ct. April 26, 2020).

¶ 8     In her opposition, Janis Bobeck indicated that she "does not consent to be appointed personal representative" and argued that the Court "lacks jurisdiction to appoint a personal representative for a deceased defendant—especially to appoint a representative who declines to serve in such capacity." (Opp., p. 6.) Janis Bobeck made the following assertions in support of her opposition: (i) While "[t]he Notice of Death indicated that the family believed that Mr. Bobeck had passed away without owning any assets[, u]pon further investigation, however, it appears that Mr. Bobeck owned some assets at the time of his death and also had certain obligations that must be processed through Indiana's probate process." (Id., at p. 2); (ii) "The family has retained an attorney in Fort Wayne, Indiana to file an appropriate probate proceeding there [and] [t]he filing of the proceeding is delayed as the family seeks to ascertain whether Mr. Bobeck died testate or intestate." (Id.); (iii) "The causes of action asserted are either personal torts or would seemingly fall into the general catch-all basket of all other causes of action by one person against another [and thus,] it appears that all counts in the Plaintiff's complaint survived Mr. Bobeck's death." (Id., at p. 4); (iv) "There is no similar rule [to Rule 17(e) of the Virgin Islands Rules of Civil Procedure] allowing the avoidance of opening an estate when a defendant has died." (Id., at p. 5); (v) "[A]lthough 5 V.I.C. § 78 and Rule 25(a)(1) of the Virgin Islands Rules of Civil Procedure both state that the Court "may" order substitution of the proper party, neither the statute nor the rule authorizes the Court to determine who that personal representative shall be." (Id., at p. 5); (vi) "[T]he applicable jurisdiction's rule for appointment of an administrator must be followed." (Id.); (vii) "To date, they have not located a will, but are canvassing Mr. Bobeck's records and various law firms with whom he dealt that might have a copy of a will." (Id., at pp. 5-6); (viii) "They have retained counsel in Indiana who, once the determination is made as to whether Mr. Bobeck died testate or intestate, will prepare the necessary documents that will result in a court in Indiana

appointing an administrator for Mr. Bobeck's estate." (Id., at p. 6); and (ix) "Once the administrator is appointed, notice will be provided to plaintiff in compliance with Indiana law and plaintiff may then file a motion in accordance with V.I. R. Civ. P. 25 to substitute the administrator of Mr. Bobeck's estate as a party to this action." (Id.)

¶ 9    In her reply, Plaintiff argued that Janis Bobeck "is completely wrong." (Reply, p. 1.) Plaintiff made the following assertions in support of her reply: (i) "Nowhere in the Section 78 or Rule 25 does it say that a probate must be opened when the party that dies is the defendant." (Id., at p. 2); (ii) "Janis Bobeck, a defendant in this case and the widow of H. Duane Bobeck, is an heir at law and is the perfect representative who will assuredly defend the claims against her husband as she defends her own." (Id); (iii) "Nothing in the Virgin Islands code requires that a probate proceeding be commenced before a personal representative may be appointed to defend an existing lawsuit." (Id., at p. 3); and (iv) "If this Court is powerless to appoint a personal representative when a defendant dies absent a probate as Janis Bobeck suggest, then Rule 25 (a)(1) would be rendered meaningless [and] [t]he Court would never be able to order substitution of a proper party pursuant to Rule 25 absent a probate and in some cases a probate would never be opened."[8] (Id.)

¶ 10    The Court notes three things at the outset—First, Plaintiff's October 27, 2021 motion was timely filed within the two-year deadline set forth in Section 78 and Rule 25; Second, Janis Bobeck is not a defendant in this matter as claimed by Plaintiff in her reply;[9] Third, as of the date of this memorandum opinion and order, no notice has been filed regarding the status of the administration of Defendant Bobeck's estate, so it is unclear whether a formal probate proceeding has been initiated and whether an administrator or executor has been appointed.

---

[8] Plaintiff referenced: *Augustin v. Hess Oil Virgin Islands Corp.*, 67 V.I. 488 (V.I. Super. Ct. Aug. 23, 2017).

[9] *See supra*, footnote 1.

¶ 11    Upon review of the file, several issues have come to the Court's attention. The Court will

address them in turn.

### 1. Whether Plaintiff's Claims Against Defendant Bobeck Survived After Defendant Bobeck's Death?

¶ 12    Not all claims survive after a person's death.[10] *In re Deceased Plaintiffs*, 73 V.I. 165, 187

n.6 (V.I. Super. Ct. April 26, 2020); *e.g.*, Title 5 V.I.C. § 37(a) (If a person entitled to bring an

---

[10] Arguably, the phrase "causes of action by one person against another, whether arising on contract or otherwise" in Title 15 V.I.C. § 601 could be interpreted to be a catch-all provision so that all claims survive after a person's death, as claimed by Janis Bobeck. However, for the reasons that follow, the Court declines to adopt such interpretation, and instead, concludes that the canons of statutory construction necessitates an interpretation that not all claims survive after a person's death.

The Virgin Islands Supreme Court has instructed: "The first step when interpreting a statute is to determine whether the language at issue has a plain and unambiguous meaning. If the statutory language is unambiguous and the statutory scheme is coherent and consistent, no further inquiry is needed." *In re L.O.F.*, 62 V.I. 655, 661 (V.I. 2015) (quoting *In re Reynolds*, 60 V.I. 330, 334 (V.I. 2013)). Further, "[i]n analyzing a statutory scheme, we must give effect to every provision, making sure to avoid interpreting any provision in a manner that would render it — or another provision — 'wholly superfluous and without an independent meaning or function of its own.'" *In re L.O.F.*, 62 V.I. at 661; *see In re Joseph*, 65 V.I. 217, 230 (V.I. 2016) ("We emphasize that in interpreting a statute, we must do our best, bearing in mind the fundamental canon of statutory construction that the words of a statute must be read in their context and with a view to their place in the overall statutory scheme. Accordingly, this Court must not confine itself to examining a particular statutory provision in isolation. Instead, we must interpret the statute as a symmetrical and coherent regulatory scheme, and fit, if possible, all parts into an harmonious whole." (internal quotation marks and citations omitted). Finally, "even where a statutory scheme is plain and internally consistent, 'no statute should be read literally if such a reading is contrary to its objective [and] this Court must consider whether applying the statute's literal language leads to ... absurd consequences or is otherwise inconsistent with the Legislature's intent.'" *Id.* (quoting *Gilbert v. People*, 52 V.I. 350, 356 (V.I. 2009) (internal quotation marks, citation, and alteration omitted).

Title 15 V.I.C. § 601 provides:

> Subject to the provisions of sections 76 and 77 of Title 5, causes of action by one person against another, whether arising on contract or otherwise, survive to the personal representatives of the former and against the personal representatives of the latter. When the cause of action survives, as herein provided, the executors or administrators may maintain an action thereon against the party against whom the cause of action accrued, or, after his death, against his personal representatives.

> Title 15 V.I.C. § 601.

The Court finds the phrase "causes of action by one person against another, whether arising on contract or otherwise" in Title 15 V.I.C. § 601 lacks clearness and is subject to at least two different interpretations, and thus, Title 15 V.I.C. § 601 is not plain and unambiguous. *In re L.O.F.*, 62 V.I. at 661. Here, the phrase "causes of action by one person against another, whether arising on contract or otherwise" could be interpreted as a catch-all provision so that all claims survive after a person's death. However, upon closer inspection in the light of the established canons of statutory interpretation, it becomes clear that such a construction is impermissible as it renders the phrase "**[s]ubject to the provisions of sections 76 and 77 of Title 5**" directly before the phrase "causes of action by one person against another, whether arising on contract or otherwise" in Title 15 V.I.C. § 601 superfluous, the phrase "**[w]hen the cause of action survives**" in the second sentence of Title 15 V.I.C. § 601 superfluous, the phrase "**and the cause of action survives**" in Title 5 V.I.C. § 37(a) superfluous, and the phrase "**if the cause of action survives or continues**" in Title

action dies before the expiration of the time limited for the commencement thereof, **and the cause of action survives**, an action may be commenced by his personal representatives, after the expiration of the time and within one year from his death.") (emphasis added); *e.g.*, Title 5 V.I.C. § 78 ("No action shall abate by the death or disability of a party or by the transfer of any interest therein, **if the cause of action survives or continues**.") (emphasis added); *e.g.*, Title 15 V.I.C. § 601 ("**When the cause of action survives**, as herein provided, the executors or administrators may maintain an action thereon against the party against whom the cause of action accrued, or, after his death, against his personal representatives.") (emphasis added).

¶ 13    In the Virgin Islands, personal injury claims survive after a person's death. Title 5 V.I.C. § 77 ("A thing arising out of a wrong which results in physical injury to the person or out of a statute imposing liability for such injury shall not abate ... by reason of the death of the person injured..."). In her second amended complaint, Plaintiff alleged that "[t]he sexual harassment and retaliation and slander and defamation by Defendants have caused the Plaintiff physical and psychological injuries..." (SAC ¶ 55.) Thus, at this juncture, as pled in the second amended complaint, the Court finds that the following claims against Defendant Bobeck survived Defendant Bobeck's death: Count I – "violation of Title VII known as the Civil Rights Act"; Count II – "violation of the Virgin Islands statutes against discrimination and harassment"; and Count IV –

---

5 V.I.C. § 78 superfluous. *See In re L.O.F.*, 62 V.I. at 661. On the other hand, the phrase "causes of action by one person against another, whether arising on contract or otherwise" could be interpreted in a manner so that all parts of Title 15 V.I.C. § 601 can be read into a harmonious whole and that it can also be read in harmony with Title 5 V.I.C. § 37(a) and Title 5 V.I.C. § 78—to wit, the phrase "causes of action by one person against another, whether arising on contract or otherwise" could be read in conjunction with the phrase "[s]ubject to the provisions of sections 76 and 77 of Title 5" before it so that "[s]ubject to the provisions of sections 76 and 77 of Title 5, causes of action by one person against another, **whether arising on contract or otherwise**" means that not all claims survive after a person's death and that only claims subject to the provisions of Title 5 V.I.C. § 76 and Title 5 V.I.C. § 77 survive after a person's death. As such, in accordance with the maxim of statutory interpretation, the Court adopts this latter interpretation.

"slander and defamation and as such that they constitute defamation per se." *See* Title 5 V.I.C. § 77. On the other hand, Plaintiff did not allege in the second amended complaint that the remaining claims[11] resulted in physical injury and therefore, it is unclear whether these claims survived Defendant Bobeck's death. Currently, there are no Virgin Islands laws or rules and no prior precedent from the Virgin Islands Supreme Court concerning which claims, aside from personal injury claims, survive after a person's death. Plaintiff did not address this issue in its brief. As such, the Court will set a briefing schedule and give Plaintiff, Defendant Passport Holdings, Defendant Neptune Holdings, and Defendant Bobeck Real Estate Company an opportunity to address this issue.

### 2. Whether an Estate Must be Opened via a Formal Probate Proceeding Before the Appointment of a Personal Representative When Rule 17(e) does not Apply?

¶ 14    Before the Court proceeds any further, the Court must clarify that an estate exists upon the death of the decedent, regardless of whether someone has purported to open the estate in a formal probate proceeding. *See Augustin*, 67 V.I. at 514 ("The Personal Representatives are correct in one regard: an "estate exists upon the death of the decedent, whether a probate has been opened or not. The opening of probate does not create an estate."). The formal probate proceedings are for the administration of the estate of the decedent. *Cf.* V.I. R. Prob. 3(a) ("The initial step in the administration of the estate of a person who died testate -- *i.e.*, leaving a will -- is the filing of the

---

[11] The remaining claims are as follows: Count III – "wrongful discharge"; Count V – "intentional infliction of emotional distress"; Count VI – misrepresentation; Count VII – "breached their duty of good faith and fair dealing…and contractual duties"; and Count VIII – "an award of punitive damages." However, the Court must note that in *Bertrand v. Mystic Granite & Marble, Inc.*, the Virgin Islands Supreme Court affirmed the Superior Court's ruling that "a request for punitive damages is not an independent cause of action." 63 V.I. 772, 784 n.6 (V.I. 2015); *see also, Der Weer v. Hess Oil V.I. Corp.*, 60 V.I. 91, 95 n.1 (V.I. Super. Ct. 2014) ("Although labeled as a 'claim' for punitive damages in the complaint, punitive damages is not a separate cause-of-action, but rather a demand for a certain type of damages.").

petition for probate of the will and for issuance of letters testamentary, approving appointment of an executor or administrator authorized to administer the estate."); V.I. R. Prob. 4(a) ("If the deceased died intestate -- *i.e.*, without leaving a will -- the initial step in the administration of the estate is the filing of a petition for administration and for letters of administration.").

¶ 15    As noted above, at least some of Plaintiff's claims against Defendant Bobeck survive Defendant Bobeck's death. However, in this instance, Rule 17(e) is not applicable here since Rule 17(e) only expressly eliminates the requirement to open an estate as a prerequisite for a plaintiff bringing or maintaining wrongful death suits filed under Title 5 V.I.C. § 76 and survival actions filed under Title 5 V.I.C. § 77, and does not contemplate whether an estate must be opened first via a formal probate proceeding when the decedent is the defendant.[12] *See* V.I. R. Civ. P. 17, Advisory Committee Note ("Subpart (e) is a provision dealing specifically with wrongful death and survival actions under 5 V.I.C. §76 and § 77. To avoid any unnecessary requirement to open an estate, and to permit swift commencement of proceedings where required for statute of limitations or other purposes, this subpart of the rule provides that **an action may be prosecuted in the name of a plaintiff who is identified in the complaint as acting as a personal representative**, although court appointment to that position has not at that time been made. **The named plaintiff will serve as personal representative** throughout the proceeding unless replaced

---

[12] The Court finds the pertinent language of Rule 17(e) plain and unambiguous, and thereby the Court will give effect to the plain words of the rule. *See Banks of N.S. v. Dore*, 57 V.I. 105, 113-14 (Super. Ct. Oct. 19, 2012) (citing *Corraspe v. People*, 53 V.I. 470, 480-481 (V.I. 2010) ("The rules of this Court are applied using the same standards which govern the construction of statutes" and "the primary objective of the trial court is to give effect to plain words utilized in the subject rule."); *People v. Rivera*, 54 V.I. 116, 125 (Super. Ct. 2010) ("The procedural rules of courts are construed in accordance with the canons of statutory construction."); *In re People*, 49 V.I. 297, 306 (V.I. 2007)) ("We believe the pertinent language is plain and unambiguous, thereby dispensing with a resort to the canons of construction."). If the drafter of the Virgin Islands Rules of Civil Procedure intended to eliminate the requirement to open an estate as a prerequisite for both plaintiffs and defendants, they clearly could have done so by including such language.

by order of the court.") (emphasis added); *see also Raymond*, 69 V.I. 953.[13] Thus, the Court must determine whether an estate must be opened first via a formal probate proceeding for Defendant Bobeck before the appointment of a personal representative to substitute in place of Defendant Bobeck in this matter. Currently, there are no Virgin Islands laws or rules and no prior precedent from the Virgin Islands Supreme Court addressing this issue. Assume for argument's sake that an estate need not be opened first via a formal probate proceeding, can anyone be appointed as the personal representative, even an unwilling participant to this fiduciary role? The Court's concern is that an unwilling participant may not litigate with the best interest of Defendant Bobeck's estate in mind, and instead, may simply concede to everything or do nothing to make the case go away. On the other hand, assume for argument's sake that an estate must be opened first via a formal probate proceeding, then must the Court appoint the executor/administrator of the probated estate to be the personal representative, or can anyone be appointed as the personal representative? In *Augustin*, the court pointed out that "Virgin Islands law does not define the phrase 'personal representative' – at least not in the context of prosecuting or defending civil actions in court" and thus, the court had concerns regarding the capacity of the personal representative. 67 V.I. at 506. The *Augustin* court also pointed out that Title 5 V.I.C. § 4901 and Title 15 V.I.C. § 601 support viewing the terms "executor, "administrator," and "personal representative" synonymously, and also noted the resulting conflict between Title 15 V.I.C. § 601 and Title 5 V.I.C. § 78 if these terms of art are not synonymous.[14] Moreover, the *Augustin* court had the following concerns regarding

---

[13] *See supra*, footnote 6.

[14] The *Augustin* court stated:

> If the phrase "personal representative" does not include "executor" and "administrator," meaning these terms of art are not synonymous, then section 601, which directs that the executor or administrator must continue the action after death, directly conflicts with sections 78 of title 5, which directs that the personal representative continues the action after death. *Compare* 15 V.I.C. § 601 ("When the cause of action

the appointment of a personal representative without first opening an estate via formal probate

proceeding:

> …The Personal Representatives are correct in one regard: an "estate exists upon the death of the decedent, whether a probate has been opened or not. The opening of probate does not create an estate." (Supp. Br. 13.) …
>
>> "The term probate is commonly used with reference to the formal establishment of a document as the last will and testament of the testator as a basis for the distribution of his property and the issuance of letters testamentary to the persons named therein as executors. … The term "probate," however, also has a broader meaning, including all proceedings incident to the administration and settlement of estates and perhaps also the establishment of the meaning of a will as well as its execution."
>
> *In re Estate of Alexander*, 63 A.D.2d 612, 405 N.Y.S.2d 613, 614 (1978) (Murphy, P.J., dissenting) (quoting *Chase Nat'l Bank v. Chicago Title & Trust Co.*, 164 Misc. 508, 299 N.Y.S. 926, 941 (Sup. Ct. 1934)); *accord In re: Will of Lamb*, 303 N.C. 452, 279 S.E.2d 781, 786 (1981) ("The word 'probate' means the judicial process by which a court of competent jurisdiction in a duly constituted proceeding tests the validity of the instrument before the court, and ascertains whether or not it is the last will of the deceased." (citing *In re Will of Marks*, 259 N.C. 326, 130 S.E.2d 673 (1963); *Brissie v. Craig*, 232 N.C. 701, 62 S.E.2d 330 (1950); *Steven's Executors v. Smart's Executors*, 4 N.C. 83 (1814)).
>
> It is this broader and more general sense of the word probate the Court had in mind, the proceedings to administer, settle, and transfer one person's property — both real and personal, including choses in action — to another and how courts in the Virgin Islands empower a personal representative to take on some of this responsibility if letters testamentary or of administration are not issued. … If the Court was imprecise earlier, the Court elaborates here, because one of the reservations the Court had concerned potential creditors, particularly if the phrase personal representative was intended to be synonymous with the terms executor or administrator, as well as other heirs of the decedent.

---

survives, as herein provided, the executors or administrators may maintain an action thereon against the party against whom the cause of action accrued, or, after his death, against his personal representatives."), *with* 5 V.I.C. § 78 ("In case of the death or disability of a party, the court may … allow the action to be continued by … his personal representatives."). But if executors and administrators are simply two types, or species as the Personal Representatives put it, of personal representatives — just as magistrates, judges, and justices are all types of judicial officers — then there is no conflict. A personal representative would include both an executor and an administrator. That would also mean that a personal representative must be either an executor or an administrator.

67 V.I. at 507-08.

Nevertheless, the issue of whether the terms "executor," "administrator," and "personal representative" are synonymous in the context of prosecuting or defending civil actions in court was not resolved in *Augustin*.

If personal representatives are appointed in the Superior Court of the Virgin Islands through "what are essentially *ex parte*, non-adversarial miscellaneous proceedings that give a semblance of legal status to an estate, but without formally opening an estate or, for example, giving notice to creditors or requiring that the personal representative acting on the estate's behalf be bonded," *Alumina Dust Claims*, 2017 V.I. LEXIS 2, at *33 n.3 (citing 15 V.I.C. § 239(a)), then indeed "[c]oncerns could arise." *Id.* First, the judge presiding over the civil action has no assurances that the personal representative appointed by the Probate Court is the proper party. *But see* V.I. R. CIV. P. 25(a)(1) ("If a party dies and the claim is not extinguished, the court may order substitution of the proper party."). That is, the judge presiding over the civil action does not determine whether the proposed personal representative is the proper party. Instead, the probate court makes the appointment through an *ex parte*, non-adversarial, miscellaneous probate proceeding that occurs outside of the civil action. The tail wags the dog here. What else can the judge presiding over the civil action do, other than allow substitution by the person the probate court appointed? If that is correct, it effectively deprives the judge of any discretion to decide whether to allow substitution and who to substitute. *Cf. In re Estate of Johnson*, 2010 WY 63, 231 P.3d 873, 881 (2010) ("The only test of who is appointed as personal representative, despite the lack of guidance within the wrongful death act, cannot simply be who first gets to the courthouse.").

Similarly, regarding creditors, must the personal representative appointed through a miscellaneous probate proceeding give notice to creditors? Virgin Islands law requires that "[e]very executor or administrator shall, immediately after his appointment, publish a notice . ... Such notice shall require all persons having claims against the estate to present them, with the proper vouchers, within six months from the date of the notice, to the executor or administrator." 15 V.I.C. § 391. If executors and administrators are a "specie" of personal representatives, then shouldn't even the personal representative appointed to take over a pending civil action have to give notice to creditors? Or, does the personal representative only have to commence probate proceedings and formally open an estate once judgment is entered or a settlement reached, assuming money exchanges hands? Or can the personal representative bypass probate entirely? If so, it could mean that Virgin Islands courts are unknowingly complicit in helping the heirs avoid the creditors' claims of the deceased. Assume for argument's sake that a jury awards Mrs. Calixte or Clarke-Baptiste three million dollars in damages. Assume further that Mr. Calixte or Mr. Clarke, before they died, left a two-thousand-dollar balance due on a credit card or a five-hundred-dollar bill with a local vendor. Mrs. Calixte and Clarke-Baptiste's response to the Court's concerns is that, that's not their concern. They do not have to give notice to creditors at any time, even if after they receive a sizeable settlement, because they do not have to commence formal probate proceedings at any time. Instead, "the onus is on the *creditor* to open probate: 'All awards for the decedent's estate are subject to the claims of *creditors who have complied with the requirements of probate law* concerning claims.'" (Supp. Br. 7-8 (quoting 5 V.I.C. § 76(e)).)

Lastly, if the person appointed personal representative to maintain or commence a survival action does not have to be named in a will or qualified under the law as an

administrator, *see* 15 V.I.C. §§ 235(a), 236, then disputes could arise later over whether that person was in fact the proper party or even a proper party. *Cf.* V.I. R. CIV. P. 25(a)(1) ("[T]he court may order substitution of *the proper party.*" (emphasis added)). Two other Superior Court judges have raised similar concerns. *See generally Brown v. Lorillard, Inc.*, ST-10-CV-692, 2012 V.I. LEXIS 107, at *5-7 (Super. Ct. Mar. 30, 2012) ("While this Court cannot disregard the persuasive authority allowing an individual who has not received letters testamentary or letters of administration to represent a yet-to-be probated estate, the Court does question the wisdom of eliminating the initiation of probate proceedings, at least the acquisition of letters testamentary or letters of administration, and only reluctantly follows the holdings cited by Plaintiff. ***This Court has significant reservations about allowing the substitution to take place.*** Among those reservations are: (1) it is not clear whether decedent's son, Christian Brown, is decedent's only heir at law; (2) it is not clear whether Christian Brown will be able to actually participate as the legal representative of the estate; (3) it is not clear whether there are any assets other than the 'choice in action' belonging to the estate; (4) if the will is probated, and counsel for Plaintiff becomes the executor, there could be a conflict of interest; (5) it is unclear whether the creditors of the estate are being timely advised of existing or potential assets to satisfy any indebtedness of the estate; and (6) it is unclear whether there exist any other heirs at law who may contest the will. In light of these concerns, although the Court will allow the substitution, the Court will keep a watchful eye on the proceedings, and reserve the right to reverse its decision on substitution should sufficient information surface confirming inequities." (footnote omitted)); *England v. Lorillard, Inc.*, ST-10-CV-631, 2012 V.I. LEXIS 106, at *3-4 (Super. Ct. Jan. 23, 2012) ("The Defendants argue that without being appointed executor of Mr. England's estate, Gerald has no authority to act as a 'personal representative or successor in interest.' The Plaintiff asserts that because a wrongful death claim is a unified claim, it must be brought by the personal representative if only one child wants it. It does not matter whether one of the children disagrees. The Court agrees with the Plaintiff that the Wrongful Death Statute governs a party's right of action, not procedure, and as such does not prevent the Court from substituting Gerald as the Plaintiff at this time. However, there does appear to be a question as to Gerald's ability to bring a wrongful death claim without being appointed executor by the probate division. The Defendants represented that they will not contest Gerald's appointment as executor. As such, in an exercise of caution, the Court will order that the Plaintiff offer Mr. England's will for probate before requiring that Gerald file an amended complaint." (quoting 5 V.I.C. § 78)). Here, for example, Burton-King petitioned for appointment as personal representative to continue Mr. Burton's lawsuit, but after the Burtons had petitioned to settle Mr. Burton's estate without administration. Because the probate court already entered its final adjudication and distributed Mr. Burton's estate, the Burtons might not be able to seek relief from that final order later, should they be unable to agree among themselves on how to distribute whatever damages may be awarded or settlement amounts received from this lawsuit. *Cf. In re Estate of Watson*, SX-91-PB-126, 2015 V.I. LEXIS 151, at *11-15 (Super. Ct. App. Div. Mar. 19, 2015) (reopening estates governed by same law regarding relief from final judgments).

*Augustin*, 67 V.I. at 514-17 (emphasis in original).

¶ 16    The Court has the same concerns here. In *Augustin*, those concerns were mooted by the promulgation of Rule 17(e) because the decedent was the plaintiff. However, as noted above, Rule 17(e) is not applicable in this matter. As such, the Court will set a briefing schedule and give Plaintiff, Defendant Passport Holdings, Defendant Neptune Holdings, Defendant Bobeck Real Estate Company, and nonparty Janis Bobeck an opportunity to address the Court's concerns.[15] The Court will reserve ruling on Plaintiff's October 27, 2021 motion to appoint Janis Bobeck as the personal representative of Defendant Bobeck's estate.

## CONCLUSION

Based on the foregoing, it is hereby:

**ORDERED** that the February 10, 2022 status conference shall be and is hereby **VACATED NUNC PRO TUNC**. It is further:

**ORDERED** that, **on or before June 30, 2022**, Plaintiff **SHALL** file a supplemental brief, and Defendant Passport Holdings, Defendant Neptune Holdings, and Defendant Bobeck Real Estate Company **MAY** each file a supplemental brief addressing the following issue:

1. Whether the following claims survived Defendant Bobeck's death: Count III – "wrongful discharge"; Count V – "intentional infliction of emotional distress"; Count VI – misrepresentation; Count VII – "breached their duty of good faith and fair dealing…and contractual duties"?[16]

**ORDERED** that, **on or before June 30, 2022**, Plaintiff **SHALL** file a supplemental brief, and Defendant Passport Holdings, Defendant Neptune Holdings, Defendant Bobeck Real Estate

---

[15] As noted above, Janis Bobeck is not a party in this matter. Thus, the Court did not give her the opportunity to file a supplemental brief on the issue of whether Plaintiff's non-personal injury claims survived Defendant Bobeck's death. However, since Plaintiff moved in her October 27, 2021 motion to appoint Janis Bobeck as the personal representative of Defendant Bobeck's estate, the Court will give Janis Bobeck the opportunity to file a supplemental brief on the issues raised in connection with the appointment of a personal representative.

[16] Count VIII – "an award of punitive damages" is not included here. *See supra*, footnote 11.

Company, and nonparty Janis Bobeck **MAY** each file a supplemental brief addressing the following issues:

1. Whether an estate must be opened first via a formal probate proceeding for Defendant Bobeck before the appointment of a personal representative to substitute in place of Defendant Bobeck in this matter?

2. Assuming that an estate need not be opened first via a formal probate proceeding, can anyone be appointed as the personal representative, even an unwilling participant to this fiduciary role?

3. Assuming that an estate must be opened first via a formal probate proceeding, then must the Court appoint the executor/administrator of the probated estate to be the personal representative, or can anyone be appointed as the personal representative?
4. If disputes arises later over whether the person appointed as the personal representative and substituted in for Defendant Bobeck was in fact the proper party or even a proper party, how could these disputes be prevented?

**And** it is further:

**ORDERED** that the parties **SHALL** perform a *Banks* analysis when required and cite the proper legal authority, statute, and/or rule in support of their respective supplemental briefs. The Court will reserve ruling on Plaintiff's October 27, 2021 motion to appoint Janis Bobeck as the personal representative for Defendant Bobeck's estate. To be clear, each party has the opportunity to file one supplemental brief and will not be permitted to file additional briefs in response to another party's supplemental brief without leave of the Court.

**DONE and so ORDERED this** __10th__ **day of March 2022.**


**ATTEST:**
Tamara Charles
Clerk of the Court

By: _____
Court Clerk Supervisor
Dated: ___3/10/2022___

_____
HAROLD W.L. WILLOCKS
**Presiding Judge of the Superior Court**